# Cruise, et al. v. Sorrell.

## Creditor's Bill.

(Decided May 1, 1913.   61 South. 894.)

1. *Fraudulent Conveyance; Bill to Set Aside; Right of Action.*—A judgment creditor whose execution has been returned "no property found" may maintain a bill under section 4293, Code 1907, to set aside a conveyance as void as made to hinder, delay or defraud, without being required to resort to a bill under sections 3735-3744, Code 1907.

2. *Same; Sufficiency.*—A bill to set aside a fraudulent conveyance which alleged complainant to be a judgment creditor of the grantor in the deed, the issuance of execution and its return "no property found," the relation of husband and wife between the grantor and the grantee in the deed that the consideration recited was simulated and fictitious, that the property greatly exceeded in value the consideration recited and that it constituted substantially all the grantor's property and that it was made with an actual intent to hinder, delay and defraud the grantor's creditors, of whom complainant was one, was sufficient.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Bill by James M. Sorrell against A. C. Cruise and others, to set aside a conveyance because made with the intent to hinder, delay and defraud creditors. Decree for complainant and respondent appeals. Affirmed.

JEROME T. FULLER, and H. E. GIPSON, for appellant. The court erred in overruling the 7th, 8th, 9th and 10th grounds of demurrer.—*Tutwiler v. Building & L. Assn.,* 127 Ala. 103; *Barrett v. Century Co.,* 130 Ala. 298; *Flewellen v. Crane,* 58 Ala. 627; *Bell v. So. H. B. & L. Assn.,* 37 South. 230. The bill did not state sufficient facts to support the conclusion of fraud.—*Reynolds v. Excelsior C. Co.,* 100 Ala. 298; *Louchem v. Bank,* 13 South. 374; *Green v. Emmens,* 135 Ala. 563. The bill fails to state the facts essential to the rights of complainant with that clearness that will inform defendant certainly of the case he is called on to defend.—Sims. Ch. Pr., sec. 188; *Seals v. Robinson,* 75 Ala. 368; *Duckworth v. Duckorth,* 35 Ala. 70. Where the debt is bona fide, the value of the property not greatly disproportionate to the amount of the debt, and no interest or benefit is reserved to the debtor the conveyance will be upheld.— *Levy v. Williams,* 79 Ala. 171; *Rogers v. Coleman,* 76 Ala. 103. Under the evidence, and the above cited authority, the court erred in the decree rendered.

W. A. GUNTER, for appellee. The court properly overruled the demurrers to the bill.—*Francis v. Page,* 97 Ala. 379; *Yeend v. Weeks,* 104 Ala. 321; *Thompson v. Tower Mfg. Co.,* 104 Ala. 143. Only parties who are improperly brought in can complain of a misjoinder.— *Moore v. Curry,* 67 Ala. 274; *Robinson v. Robinson,* 44 Ala. 227. The assignment is joint, and of course if it was not prejudicial to one of the appellants, the court will not consider it.—*Woodruff v. Smith,* 132 Ala. 81;

*Hillens v. Brinsfield,* 113 Ala. 304. The assignment as to the final decree is too broad and fails to point out the errors insisted on.—Authorities supra. The bill was in all respects sufficient as a creditor's bill.—*Thompson v. Tower Mfg. Co., supra; Yeend v. Weeks, supra; Young v. Brady,* 21 Ala. 264; *B'ham D. G. Co. v. Roden,* 110 Ala. 511. Under the facts, the whole deed is void and the bill is sustained.—*Robinson v. Murphy,* 69 Ala. 543; *Alexander v. Ray,* 50 Ala. 542.

MAYFIELD, J.—This is a typical creditors' bill. Its objects is to set aside a conveyance by a debtor husband to his wife of substantially all of his property. The reports are full of just such cases. The text-books and reports of adjudged cases teach us that when a male married debtor becomes embarrassed by demands which he cannot pay without a sacrifice of all his property he usually attempts to save his property and postpone the evil day by conveying his property to his wife in payment of alleged debt which he owes her. Sometimes he is a real debtor of his wife in an amount in excess of the value of his property, and in such cases the conveyance is not a fraud upon the husband's other creditors, though, in such cases, if it conveys substantially all the husband's property, it amounts, in law and in equity, to a general assignment for the benefit of all his creditors, under the provisions of section 4295 of the Code. The question as to general assignments, however, is not in this case.

The bill in this case rests solely upon the question of fraud, or an attempt to hinder, delay, or defraud creditors. The conveyance is attempted to be set aside because void under the provisions of section 4293 of the Code.

[Cruise, et al. v. Sorrell.]

The complainant in this case, being a judgment creditor, and an execution having been returned "No property found," is not driven to the necessity of filing his bill under any of the sections of chapter 72, nor under sections 3735-3744, of the Code, pertaining to creditors' bills.

The bill alleges the relation of judgment debtor and creditor, the issuance of execution and its return with the indorsement "No property found," the relation of husband and wife between the grantor and the grantee; that the recited consideration of $1,500 was fictitious and simulated; that the property conveyed was of value greatly in excess of the recited consideration; that the property conveyed constituted substantially all the debtor's property; and that the conveyance was made with the actual intent to hinder, delay, and defraud the creditors of the grantor, one of whom was the complainant. The allegations of the bill were therefore sufficient, under the authority of all the text-books and the adjudged cases upon the subject.

The respondents answered this bill and, in effect, denied the equities of the bill. There is some difference between counsel as to whether the amended answer was filed, and as to what evidence was in fact introduced on the final hearing; but it certainly appears from this record that the case was heard by the chancellor on the full merits of the cause as made by the pleadings and the evidence. The record has been examined carefully, as is required on an appeal from such decrees, by this court, without any presumption in favor of the finding of the chancellor upon the facts; and we have reached the conclusion that the chancellor was correct in his rulings on the demurrer to the bill and in his finding as to facts; that the decree rendered by him is in all

[Thornton v. Esco, et al.]

things correct; and that it ought to be, and it hereby . is, in all things affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.