# Clements *v.* Clements, *et al.*

### Bill to Set Aside Conveyances as Fraudulent.

(Decided June 30, 1916.   72 South. 523.)

1. **Fraudulent Conveyances; Presumption; Evidence.**—Fraud in a conveyance is never presumed, but must be shown by clear and satisfactory evidence; and if the transaction is susceptible of two constructions, that construction which will support it will be adopted, rather than that which will destroy it.

2. **Same.**—The evidence examined and held insufficient to show that the conveyance attacked was fraudulent as to the judgment creditor attacking it.

APPEAL from Jefferson Chancery Court.
Heard before Hon. A. H. BENNERS.

Bill by Josephine Clements against Frank B. Clements and others, to annul certain conveyances as fraud upon complainant's right as a judgment creditor of one of defendants. From a decree dismissing the bill complainants appeal. Affirmed.

LONDON & FITTS, for appellant. ALLEN, FISK & TOWNSEND, for appellee.

GARDNER, J.—The bill in this cause was filed by the appellant to set aside, as in fraud of alimony decreed to her by the New York Supreme Court, conveyances of J. Morgan Clements' undivided interest in certain real estate: First, to Frank B. Clements; and, second, to the corporate defendant organized by the said Frank B. Clements, and of which he is a large stockholder. Respondents, J. Morgan Clements, Frank B. Clements, and Clara E. Smith, are sister and brothers, and the subject-matter of the bill is the various pieces of real estate situated in Alabama, constituting the estate of defendants' deceased parents, in which they each owned an undivided one-third interest. Complainant was the wife of J. Morgan Clements prior to the decree of separation made by the Supreme Court of New York on June 27, 1911. They were married May 8, 1908. On July 12, 1909, the husband, in a letter to complainant, expressed his determination to effect a separation from her. On June 27, 1911, complainant was, by the Supreme Court of New York, awarded a decree of separation and alimony, the trial having proceeded, after personal service upon the defendant in the cause, and his due appearance by counsel. The decree awarded alimony "at the rate of $18 per week." It further provided that application might be made by complainant for a modification of the decree, for the purpose of increasing the amount of alimony, and also, by the respondent, for a modification of the decree by decreasing the amount of alimony awarded. Within a month after rendition of this decree a petition was filed by respondent Clara E. Smith, in the probate court of Jefferson county, in which county some of the joint property was located, seeking a sale of the property owned by herself and her said two brothers for division among them. There was acceptance of service, and a sale under decree of the probate court of all the jointly owned property, the same having been duly advertised. The proceedings appear to have been in all respects in

strict compliance with law. The commissioner accepted receipts in lieu of the cash; but respondent J. Morgan Clements was paid in cash his proportionate one-third of the purchase price, amounting to $6,700. Deed was duly executed to Frank B. Clements. Thereafter, on October 23, 1911, a corporation was organized by him, to which he conveyed these properties. The capital stock of the corporation was $10,000, divided into 100 shares of $100 each, of which Frank B. Clements owned 50 shares, Clara E. Smith, 49 shares, and her husband, J. R. Smith, 1 share. The complainant, in her bill, attacks this proceeding and sale through the probate court, at which respondent Frank B. Clements became the purchaser, and his transfer of the title to the corporation, as a fraudulent scheme entered into by the parties for the purpose of hindering, delaying, and defrauding her in the collection of alimony awarded her by the New York court.

The respondents contend that there was no intention to defraud, but that the transaction was in entire good faith, and nothing was done except what was justified by the law. They insist that the question of a division of the estate had, for a number of years before complainant's marriage with J. Morgan Clements, been a matter of discussion among them, and that the formation of a corporation, in order to avoid complication in the event of the death of either of them, leaving minor children, had also been previously considered. They also insist that complainant had previously refused to sign a deed, in the sale of some of the property, and that as they were anxious to sell, they had disposed of the property without her signature; and respondents Frank B. Clements and Clara E. Smith insist that what was done was for their own protection as joint owners of the property, and to avoid any complications which might arise. Aside from J. Morgan Clements' interest in the joint property here involved, it appears without dispute that he owns vacant lots in the city of Tuscaloosa, Ala., valued at $4,000. Upon submission of the cause for final decree on the pleadings and proof, the chancellor denied the relief sought, and dismissed the bill. Just previous to the filing of this bill, it appears, complainant attached the interest of respondent J. Morgan Clements in some of the jointly owned property located in Tuscaloosa county, and recovered a judgment, and said interest was sold in satisfaction thereof. It seems to be conceded by counsel for appellant that in the event relief is awarded by her bill, respondent J. Morgan Clements will be en-

titled to a credit by the amount of said judgment, the complainant having purchased at the sale and used said judgment in payment of the purchase price. It also appears that this judgment included practically all sums due at the time of the filing of this bill. Appellant's counsel states in his brief that the judgment in the attachment suit was for alimony in arrears on March 9, 1912. This bill was filed on that date. It is insisted by counsel for appellees that as a matter of law complainant had against J. Morgan Clements no such claim as could be made the basis of an action in this state, for that there had been no final judgment in the New York court for any definite and fixed sum, the decree expressly providing for future modification thereof. In support of this insistence counsel for appellees rely upon the following authorities: *Lynde v. Lynde,* 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810; *Israel v. Israel* (U. S. C. C. A.) 148 Fed. 576, 79 C. C. A. 32, 9 L. R. A. (N. S.) 1168, 8 Ann. Cas. 697; *Page v. Page,* 189 Mass. 85, 75 N. E. 92, 4 Ann. aCs. 296; *Freund v. Freund,* 63 Atl. (N. J. Ch.) 756; *Sistare v. Sistare,* 80 Conn. 1, 66 Atl. 772, 125 Am. St. Rep. 102. From the conclusion which we have reached upon the facts of the case, however, it is unnecessary that we enter into consideration of this particular legal phase, or that we determine it here. Should the sufficiency of the complainant's decree be conceded for the purposes of this case—a question we expressly leave undecided—we would nevertheless conclude that, under the facts of the case, complainant has failed and her bill was therefore properly dismissed.

We deem is unnecessary to enter into a discussion of the evidence further than to note in a general way the circumstances which impel us to this conclusion.

(1) Complainant rests for relief upon the charge of actual fraud on the part of these respondents. It is a well-recognized rule, in cases of this character, that fraud is never presumed, but must be proven by clear and satisfactory evidence, and that when a transaction is susceptible of two constructions, the one which will support it and free it from the imputation of impurity of intention will be adopted.—*Harrell v. Mitchell,* 61 Ala. 270.

(2) The evidence in this case clearly shows that these respondents, particularly J. Morgan Clements, had been, for a number of years prior to the latter's marriage with complainant, desirous of disposing of the jointly owned property, and it clearly appears that to this end J. Morgan Clements was willing

to sell at what they considered somewhat of a sacrifice. It further appears that the parties had considered complications which might arise on the death of either of them, particularly of Mrs. Smith, leaving minor children. To avoid any such complications the formation of a corporation was at one time suggested by J. M. Clements. The parties appear to have been anxious to get the property in such shape that it could be readily disposed of when a suitable purchaser could be found. It further appears that on the sale of some of the property at a period of time antedating the matrimonial disruption of complainant and J. Morgan Clements, complainant declined to join in the deed, and the sale was consummated without her signature.

It cannot be denied that Mrs. Smith was in the exercise of her legal rights in filing the petition for a sale and division of the jointly owned property. The proceedings were confessedly regular, and the sales were had after due advertisement, at public outcry, and in all respects according to law. No purchaser was found for any of the property, and one of the joint owners, Frank B. Clements, bought it in. A corporation was subsequently formed, said F. D. Clements and his sister, Mrs. Smith, owning the bulk of the stock, respondent J. Morgan Cements having been paid the sum of $6,700 as his proportionate share of the proceeds.

Respondent J. Morgan Clements owned in his own right certain vacant lots in the city of Tuscaloosa, Ala., at the conceded value of $4,000. He was also paid some money—the amount of which does not appear—collected on notes due the joint owners.

Respondents Frank Clements and Clara Smith insist that J. Morgan Clements was entirely solvent and capable of responding to any claims of complainant, and that they had no purpose to hinder or delay her in the collection of such claims, nor notice of any such intention on the part of said Morgan Clements, if it ever existed. As previously stated, these respondents were in the exercise of a legal right (*Hodges v. Coleman & Carroll,* 76 Ala. 103; *O'Neal v. Cooper,* 191 Ala. 182, 67 South. 689), and if the transaction here involved is fairly susceptible of two conclusions we should adopt that which will free it from the imputation of fraudulent intent. Upon a careful consideration of the entire evidence, we have reached the conclusion that this transaction can be fairly construed, in accordance with the contentions of the

respondents, that they were merely seeking to protect their own rights, with no intention to defraud the complainant.

Under the facts here disclosed, therefore, we conclude that complainant has failed to make out her case of fraud, and that the chancellor properly so decreed. The decree is accordingly affirmed.

Affirmed.

All the Justices concur except SAYRE, J., not sitting.

McCLELLAN, J.— (concurring.)—While I yield unreserved assent to the foregoing opinion and to the conclusion predicated of its considerations yet I prefer to rest my concurrence in the result here attained upon the primary ground that the order of the New York court, awarding alimony, is not such a final judgment as invokes the protection, or appropriates the force, of the "full fatih and credit clause" of the Constitution of the United States.—*Lynde v. Lynde*, 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810. The legal consequence is that the bill is without a factor essential to its equity.