(87 South. 342)

**DOUGLASS COTTON OIL CO. et al. v. ALABAMA MACHINERY & SUPPLY CO. et al. (4 Div. 864.)**

(Supreme Court of Alabama. Nov. 25, 1920.)

1. Fraudulent conveyances �824l(2) — Voluntary conveyance by debtor may be attacked by simple contract creditors.

A voluntary conveyance of property by an insolvent or embarrassed debtor may be assailed and avoided by simple contract creditors by a bill filed for that purpose under Code 1907, § 3739, as that section gives to simple contract creditors the same remedy afforded judgment creditors by section 3735.

2. Fraudulent conveyances �824263(5)—Allegations held to support conclusion that conveyance was fraudulent.

Allegations that a debtor, after contracting debts due complainants which were due and unpaid, conveyed to defendant all of its property in payment of debts claimed to be due defendant, but which were in fact simulated and fictitious, rendering it insolvent and without property out of which complainants could coerce payment of their debts, sustained the conclusion drawn by the pleader that the conveyance was fraudulent and void.

3. Fraudulent conveyances �824887(2)—Conveyance to mortgagee for inadequate price held fraudulent as to contract creditors.

A conveyance by a debtor of all of its property worth $75,000 to a mortgagee in payment of debts amounting to $40,000, leaving the mortgagor unable to pay its other debts, was fraudulent and void as to other creditors, though the debts due the mortgagee were bona fide and justly due and secured by a valid mortgage.

4. Fraudulent conveyances �824315(1) — That conveyance to mortgagee is found fraudulent does not destroy its superior lien.

If a debt, in payment of which a corporation conveyed all of its property, was a bona fide debt secured by a valid mortgage, the fact that the conveyance was found fraudulent as to other creditors did not destroy the mortgagee's superior lien.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Suit by the Alabama Machinery & Supply Company and others against the Douglass Cotton Oil Company and others. Decree for complainants, and defendants appeal. Affirmed.

---

Bill to declare a sale or an assignment as a fraud upon creditors and to annul the same.

The appellees, as simple contract creditors of the Samson Cotton Oil, Gin & Fertilizer Company, file their bill against that appellant company to set aside and annul a conveyance by the Samson Company to the Douglass Company of substantially all its property. Several insurance companies are made parties respondent, but no question is raised as to that. The original bill alleges in substance that at the time the Samson Company became indebted to complainants it owned and was in possession of a large cotton seed gin and manufacturing plant consisting of real estate and personal property worth in the neighborhood of $75,000, and that it continued to hold and own said property until some time in the summer of 1918, at which time it pretended to sell and did in fact convey to the Douglass Company all of its property, of the value above set out, for a pretended consideration of $40,000, and the Douglass Company pretended to buy and did have conveyed to it all this property, claiming a debt against the Samson Company, and the Samson Company, in order to satisfy the debt, sold and conveyed the property in question, and that said sale or pretended sale is fraudulent and void as against complainants because the consideration in said deed is fictitious and simulated. It is further charged that the conveyance is fraudulent and void as against complainants because the Samson Company sold and conveyed all of its property of any real value to the Douglass Company, in satisfaction of a fictitious and simulated debt, and thus left itself insolvent and utterly unable to pay complainants and its other creditors. It is also charged that it is fraudulent and void because, if it be admitted that the debt of $40,000 claimed by the Douglass Company was bona fide, then the said property so sold was worth a large sum over and above the debt due the Douglass Company, and by such sale and conveyance the said Samson Company became insolvent and unable to pay its debts. It is further charged that the sale was fraudulent and void as against complainants and was made for the purpose of hindering, delaying, or defrauding the complainant and other creditors of the Samson Company, in the collection of their debt against the Samson Company. It is further charged that, at the time appellant took said fraudulent conveyance, it knew, or had notice, that it was buying from the Samson Company substantially all of its property in payment and satisfaction of a fictitious or simulated debt, and therefore purposely entered into the plan for the purpose of aiding the Samson Company in defrauding its creditors; but, even if the debt was bona fide, the said deed or conveyance was for the sale of substantially all of the Samson Company's property to pay a pre-existing debt at an inadequate price, and that the Douglass Company knew at the time the deed was made that the property was worth largely more than the price paid for it, and also knew that the Samson Company owed a large amount of debts and was rendered by said sale insolvent and unable to pay the debts. Bill was further amended by adding section 5½, which is the following:

Plaintiffs aver that they are informed that the said property conveyed in said deed by the said Samson Cotton Oil, Gin & Fertilizer Company to the Douglass Cotton Oil Company was so conveyed as to pay off and discharge a mortgage debt against said property in the sum of about $40,000, and plaintiffs again charge and aver that said debt, although a mortgage debt, and secured by a mortgage, upon the said property so conveyed, the said debt was fictitious and simulated. However, if said debt forming a consideration of said deed made by said Samson Cotton Oil, Gin & Fertilizer Company to said Douglass Cotton Oil Company was bona fide and justly owing by said Samson Cotton Oil, Gin & Fertilizer Company, and was honestly secured by a valid mortgage upon said property embraced in said deed, yet the said mortgage debt was an antecedent debt, and the said property was conveyed to pay such antecedent debt; and the price at which said property was sold was greatly less than the value of the said property, and the property was worth a large sum of money, to wit, $35,000 more than the said mortgage debt, and at the time said deed was made all of the parties participating in said transaction knew that the same rendered the said Samson Cotton Oil, Gin & Fertilizer Company insolvent and unable to pay its debts, and by making the conveyance of said property in said deed the said Douglass Cotton Oil Company obtained and received property worth in the neighborhood of $75,000 in satisfaction of, or by paying, a mortgage debt of about $40,000. The said conveyance is therefore fraudulent and void against the plaintiffs, because the price at which it was bought was inadequate.

W. O. Mulkey, of Geneva, for appellants.

The fact that a debtor is insolvent and prefers one creditor to another, in the absence of fraud in fact or in law, does not bring the case under section 3739, Code 1907. 98 Ala. 546, 14 South. 550. The fraud must be distinctly alleged and the facts thereof averred. 79 Ala. 370; 110 Ala. 377, 17 South. 935. The amendment in section 5½ does not help the matters any. 3 Okl. 204, 41 Pac. 623, 32 L. R. A. 52; 103 Ala. 630, 16 South. 15; 108 Ala. 218, 19 South. 392; 105 Ala. 670, 17 South. 185; 148 Ala. 353, 42 South. 545; 167 Ala. 456, 52 South. 592. It therefore follows that the demurrers should have been sustained.

Ball & Beckwith, of Montgomery, and Farmer, Merrill & Farmer, of Dothan, for appellees.

The trial court properly overruled the demurrers to the amended bill. 98 Ala. 549, 14 South. 550. The insurance companies were properly made parties. 10 Ala. 255; 21 Ala. 271; 131 Ala. 478, 31 South. 20, 56 L. R. A. 461, 90 Am. St. Rep. 95; 124 Ala. 213, 27 South. 475, 51 L. R. A. 112, 82 Am. St. Rep. 159; 32 Minn. 381, 20 N. W. 334; 5 Wall. 513, 18 L. Ed. 524; 129 Ala. 211, 30 South. 579; 194 Ala. 477, 69 South. 916; 111 Ala. 629, 20 South. 649, 33 L. R. A. 264, 56 Am. St. Rep. 76.

BROWN, J. This bill is filed by the complainants [appellees here], as contract creditors of the Samson Cotton Oil, Gin & Fertilizer Company, against the appellant Douglass Cotton Oil Company, to avoid an alleged sale and conveyance of property by the debtor to the appellant on the ground that it was in fraud of their rights, and to subject the property to sale under decree of the court for the payment of their claim, and for relief in other respects which will be hereafter noticed.

After several amendments were made to the bill, the appellants interposed demurrers to the bill in its several aspects, and to certain parts thereof, questioning the sufficiency of the averments to bring the case within the influence of Code of 1907, § 3739. The demurrers were overruled, and this ruling presents the only question brought here for review.

[1] One of the questions presented, and the one most strenuously urged in argument, is that to bring the case within the influence of this statute there must be shown an actual intent on the part of the debtor, participated in by the purchaser or grantee, to hinder, delay, and defraud creditors; and that the mere showing that the conveyance was voluntary and without consideration, or the equivalent, that the conveyance was made on a "fictitious and simulated" consideration, is not sufficient to sustain a bill filed under this statute.

The rulings here seem to be uniform that the purpose of section 3739 was to give to simple contract creditors the same remedy in a court of equity that is afforded judgment creditors with a lien by section 3735. Morris v. Fid. Mtg. Bond Co., 187 Ala. 262, 65 South. 810; Hall & Farley v. Ala. Co., 143 Ala. 480, 39 South. 285, 2 L. R. A. (N. S.) 130, 5 Ann. Cas. 363.

That constructive fraud, or fraud arising as a presumption of law from the fact that an insolvent or embarrassed debtor has made a voluntary conveyance of his property, is as effective to avoid a transfer thereof at the instance of an existing judgment creditor as fraud in fact cannot now be doubted.

Seals v. Robinson, 75 Ala. 363. And if the purpose of section 3739 is, as declared in the repeated rulings of this court, to afford to simple contract creditors the same right and remedy as is secured to judgment creditors by section 3735 of the Code, it necessarily follows as a logical consequence that a voluntary conveyance of property by an insolvent or embarrassed debtor may be successfully assailed and avoided by simple contract creditors by a bill for that purpose filed under this statute.

We find nothing in Jones v. Massey, 79 Ala. 370, that opposes this view. In that case there seems to have been no averment that the conveyance there assailed was voluntary, or that it was made on a fictitious consideration, and no other facts were averred from which the law would raise the presumption of fraud. The holding in that case was that the mere averment of a conclusion that the conveyance was made with intent to hinder, delay, and defraud, was not sufficient in the absence of averments of facts to sustain this conclusion. In Marble City Land & F. Co. v. Golden, 110 Ala. 377, 17 South. 935, the court merely held that the complainant had failed to prove the averments of the bill. So these cases in no sense conflict with the conclusion above stated.

[2] One alternative of the bill in short alleges that respondent Samson Cotton Oil, Gin & Fertilizer Company, subsequent to the time it contracted the debts due the complainants, which were due and unpaid at the time of the filing of the bill, conveyed to the appellant all its property, both real and personal, of the value of $75,000 in payment of debts claimed to be due to appellant, but which were in fact "simulated and fictitious"—the effect of which was to render it insolvent and without property out of which complainants could coerce the payment of the debts due them. We hold that these averments were ample to sustain the conclusion drawn by the pleader that the conveyance was fraudulent and void as to complainants. Matthews v. J. F. Carroll Merc. Co., 195 Ala. 501, 70 South. 143.

[3] By the other alternative the pleader concedes that the debts due the appellant were bona fide and justly due, and were secured by a valid mortgage on all the property, but insists that the property conveyed in payment of the debts exceeded the debts by $35,000, and therefore the consideration for the conveyance was so grossly inadequate to the value of the property as to raise a presumption of fraud as a matter of law, and that these averments were sufficient to sustain the conclusion drawn by the pleader that the conveyance was fraudulent and void as to the complainants.

In one of our cases it was said:

"The effect of the rule fixing the burden of proof as to adequacy of consideration upon the

defendant in this class of cases, and prescribing the boundaries beyond which the creditor of an insolvent debtor cannot go in taking property in payment of his debt, is to raise up, for all practical purposes, a presumption of the mala fides of the sale which purports to be in discharge of the debt; and to meet this presumption, and impress the transaction with the attributes of fair dealing and good faith, as against attacking creditors, a valuable and, at least, measurably adequate consideration must be shown. Moog v. Farley, 79 Ala. 252; Calhoun v. Hannan, 87 Ala. 277. If this is shown, all inquiry, as had been many times ruled by this court, into the actual intent of the parties, is foreclosed. If it is not shown, bad intent is presumed, and the question as to what purpose really actuated the parties becomes immaterial. So that it seems to be a necessary resultant from our decisions, that the inquiry into the good or bad faith of the parties as a matter of fact, and disassociated from presumptions of law, is, for all practical purposes, wholly eliminated in cases like this. Badges of fraud may doubtless be looked to, when they tend to impeach the consideration, but not as establishing a covinous intent having no connection with the character or sufficiency of the price paid.

"The conclusion, to which the authorities referred to thus lead us, is, we think, supported by the logic of the situation, so to speak. If the debt thus sought to be paid is in point of fact unjust, I apprehend that the utmost good faith, the most implicit belief in its correctness, on the part of both buyer and seller, would not validate the transaction. On the other hand, if the debt is just, but in amount only one-half or one-third of the value of the property, should the purchasing creditor be allowed to thus pay himself twice or thrice over, merely because it is shown, ever so clearly, that he acted in good faith, and, owing, it may be, to some particular opinion of his as to the value of property, or of the particular property, or ignorance of its value, honestly believed he was paying an adequate price for it? In all reason, it would seem that other creditors are entitled to some protection against the ignorance or intellectual idiosyncracies of such a purchaser, and that this protection should be found in the judgment of the jury, as to whether the buyer has received greatly more than he has paid for by the satisfaction of his debt, or, what is the same thing, he's satisfied a debt grossly less in amount than the value of the thing he has received. And while 'the law will not weight considerations in diamond scales,' nor so closely balance the property against the price as to leave no room for the ordinary differences of opinion as to values; yet, when the jury can see that the disparity amounts to a gross inadequacy, their verdict should be against the transaction."

Mobile Savings Bank v. McDonnell, 89 Ala. 434, 446-447, 8 South. 137, 140 (9 L. R. A. 645, 18 Am. St. Rep. 137).

These observations are here pertinent and sustain the conclusion that the averments of the bill, in either aspect of the case, are sufficient. See, also, Chance v. Chapman, 195 Ala. 513, 70 South. 676.

[4] If the debt due appellants is a bona fide debt secured by a valid mortgage, the fact that the conveyance subsequently made may be found to be fraudulent does not destroy the superior lien of appellants (Kennedy v. First Nat. Bk. of Tuscaloosa, 107 Ala. 170, 18 South. 396, 36 L. R. A. 308); and whether it is essential to the equity of the bill on the second aspect of the case above considered, that the complainants offered to pay the mortgage debt or tendered the amount due thereon, is not a question presented on this appeal, and as to which we express no opinion.

The bill shows that subsequent to the alleged fraudulent conveyance of the property to appellant, appellant caused certain parts of the property to be insured against loss by fire, and that thereafter some of the property —just what portion does not appear—was destroyed by fire. The insurance company issuing this insurance are made parties, and the bill seeks to have these policies of insurance impressed with a trust for the benefit of complainants. The equity of the bill as to this phase of the case is not presented by demurrer, and on this question we express no opinion, as whatever might be said would be mere dictum.

On the whole we are of the opinion that none of the demurrers assigned against the bill, or the specific portions thereof, were well taken, and the decree of the circuit court overruling the demurrers will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.