(127 So. 513)

## HARRISON et al. v. AMERICAN AGRICULTURAL CHEMICAL CO.

### 4 Div. 456.

Supreme Court of Alabama.
March 20, 1930.

Rehearing Denied April 17, 1930.

A. Whaley, of Andalusia, for appellants.

A. R. Powell, of Andalusia, for appellee.

BROWN, J.

This bill was filed by the appellee, American Agricultural Chemical Company, a judgment creditor of J. J. Harrison, after return of

execution "No property found," to set aside certain deed made by Harrison and his wife to their children, and a deed and mortgage made by said Harrison to his wife, all embracing real property, the title to which was in said Harrison at the time he contracted the debt, the foundation of the complainant's judgment.

The First National Bank of Florala and David E. Murphy, alleged to be the holder of mortgage executed by Harrison and his wife, antedating complainant's debt, were made parties defendant.

The averments of the bill are that said several conveyances made by Harrison and his wife to their children, who are made parties defendant, and said deeds and mortgage made by Harrison to his wife, also made a party defendant, were executed subsequent to the accrual of the indebtedness of Harrison to complainant; "were executed by orator's said debtor for no actual consideration but with the purpose and intent to hinder and delay orator in the collection of its said judgment and to defraud it from the payment and collection of its said debt." These averments, in connection with the other averments showing that the complainant was a judgment creditor with a lien, and that execution had been issued and returned "No property found," were sufficient to give the bill equity, and the general demurrer thereto was overruled without error. Code of 1923, §§ 7338, 7343, 8038; Cruise et al. v. Sorrell, 181 Ala. 237, 61 So. 894; Douglass Cotton Oil Co. et al. v. Alabama Machinery & Supply Co. et al., 205 Ala. 51, 87 So. 342.

The admissions in the answer and the proof establish the fact that the complainant's debt due from the defendant J. J. Harrison antedated the conveyances made by Harrison to his wife and children. This evidence made a prima facie case for the complainant, and carried to the defendant grantees the burden of showing that they paid an adequate and valuable consideration for the execution of said conveyances, or, under the issues as framed by the pleading, that the property embodied in said conveyances was purchased with the wife's money and the title taken in the husband's name without her knowledge and consent; that she was not guilty of laches in allowing the title to remain in him to enhance his credit or induce the belief that he was in fact the owner of the property. R. W. Allen & Co. v. Sands et al., 216 Ala. 106, 112

So. 528; 12 R. C. L. 522, § 51; note 90 Am. St. Rep. 523.

After careful consideration of the evidence, we are of opinion that the respondents failed to meet and carry this burden of proof. In the case of Clements v. Clements et al., 197 Ala. 298, 72 So. 523, the complainant charged and relied on actual fraud, as distinguished from constructive fraud, and assumed the burden of proving such fraud, as a predicate to relief. Here, the complainant relies on constructive fraud, and, as we have shown, proof that its debt antedated the conveyances, which were alleged to be voluntary and without consideration, shifted the burden to the defendants to show a valuable and adequate consideration. Robinson v. Moseley, 93 Ala. 70, 9 So. 372; Smith v. M. C. McAdams & Co., 207 Ala. 118, 92 So. 411; Wood & Son v. Riley, 121 Ala. 100, 25 So. 723; Gamble et al. v. C. Aultman & Co., 125 Ala. 372, 28 So. 30; Seals v. Robinson & Co., 75 Ala. 363.

The contention of appellants, that the decree is erroneous because it ordered that the property, "or so much thereof as is necessary to satisfy the amount of (complainant's) said lien and the costs" be sold by the register, after giving the prescribed notice, is without merit. If the register should abuse the power thus conferred on him, as appellants seem to fear he might, the exercise of the power is subject to revision and correction by the court.

Nor is there any merit in the contention that the decree does not direct the sale in the inverse order of the conveyances to the alleged fraudulent grantees. The statute, section 8038 of the Code, declares that "all conveyances * * * of any estate or interest in real or personal property, and every charge upon the same, made with intent to hinder, delay, or defraud creditors * * * are void," and this is so whether the fraud be constructive or actual, and a fraudulent grantee has no right to insist that the creditor shall exhaust one parcel or the other, or exhaust other means of securing satisfaction of his debt. Lewis C. Spooner v. Travelers' Ins. Co. of Hartford, 76 Minn. 311, 79 N. W. 305, 77 Am. St. Rep. 651.

If cases may be found holding to the contrary, the provision of the statute prevents their application.

Affirmed.

ANDERSON, C. J., and SAYRE and FOSTER, JJ., concur.