140 So. 747

## GREEN et al. v. MINOR.
### 7 Div. 100.

Supreme Court of Alabama.
March 31, 1932

L. C. Albright and Roy McCullough, both of Birmingham, for appellants.

L. H. Ellis, of Columbiana, for appellee.

BOULDIN, J.

The bill is to avoid a conveyance of lands as fraudulent, and subject same to payment of indebtedness of the grantors.

The bill avers that complainant, E. E. Minor, recovered a judgment against respondents Jeff Green and Cynthia Green for costs in an ejectment suit, $302.75; that execution was issued and returned "no property found"; that two days after the rendition of such judgment the defendants therein executed a deed of conveyance to their children, John Green and Maggie Davis, conveying the lands involved; that this constituted all the lands owned by the grantors; that they are insolvent; and further "charges and avers that the recited consideration in said deed hereinbefore referred to of One Hundred Dollars and other valuable consideration, was not in fact paid, and that there was no valuable and adequate consideration for the execution of said deed and conveyance of said land to the grantees in said deed, but that said deed was executed, as aforesaid, by said grantors therein and accepted by the grantees therein with the purpose and intent of hindering, delaying or defrauding your orator and for the purpose of preventing him from collecting the court costs which he had recovered in said ejectment suit, aforesaid."

It is further averred that such fraudulent intent was known to, and participated in by, all parties to the deed.

The bill is sufficient in its averments of actual fraud, the intent to hinder, delay, or defraud an existing judgment creditor participated in by all parties to the conveyance. Demurrers thereto were properly overruled. Code, § 7338; Cruise v. Sorrell, 181 Ala. 237, 61 So. 894; Douglass Cotton Oil Co. v. Ala. Machinery & Supply Co., 205 Ala. 51, 87 So. 342; Cook v. Clark, Davis & Co., 212 Ala. 257, 102 So. 213; Cooke v. Fenner & Beane, 214 Ala. 558, 108 So. 370; Harrison v. American Agricultural Chemical Co., 220 Ala. 695, 127 So. 513.

Since our statutes award a judgment for costs, and, if for plaintiff, subject him to an execution for costs accruing at his instance upon return of execution against defendant "no property found," we see no reason to question his status as a judgment creditor entitled to maintain a bill to set aside fraudulent conveyances for the collection of such demand. 15 C. J. 298.

Assuming that a valid execution returned "no property found" was essential to complainant's right to relief, the failure of the clerk to itemize the costs due each witness in the cost bill accompanying the execution under Code, § 7796, did not render the execution void.

The case of Maxwell v. Pounds, 116 Ala. 551, 23 So. 730, construed section 1883 of the Code of 1896, which declared that for failure to list the several items of costs "the execution is illegal, and shall not be levied."

This section was revised by the Code Committee of 1907, by striking out the above-quoted words, and inserting in lieu thereof "the clerk or register issuing the execution forfeits all right to receive any costs in that case." Code 1907, § 4081; Code 1923, § 7796.

This amendment of the statute, striking out the words declaring the execution illegal, etc., must be taken to work a change in that regard.

Under the evidence, it clearly appears the deed in question was made at the instance of the son and grantee for the purpose of shielding the home of his father and mother against this judgment, and retaining for their use during life.

The morals of such purpose is unimportant. The law allows no exemptions as against the torts of the owner, and costs partake of the nature of the action. The intent to shield the property from levy and sale is the very intent which stamps it as a conveyance to hinder, delay, or defraud, etc.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.