4 So.2d 729

**SANDERSON et al. v. ESTELL.**

**6 Div. 841.**

Supreme Court of Alabama.

Nov. 21, 1941.

R. G. Redden, of Vernon, for appellants.

Arthur Fite, of Jasper, and Kelly Fite, of Hamilton, for appellee.

BROWN, Justice.

This is a bill by a judgment creditor against the debtor and his grantees to set aside certain deeds made by the debtor alleged to have been made to hinder, delay and defraud the complainant, in the collection of her demand growing out of personal injuries negligently inflicted on her in an automobile accident, in December, 1938, and for which she recovered her said judgment, against R. D. Sanderson on the 19th of March, 1940.

The bill avers that one of said deeds was made in 1939, and antedated; that both of said deeds were voluntary and without consideration.

The answer of the defendants admitted the averments of the bill in respect to the accident and injury as alleged, and the recovery therefor in the circuit court of Marion County, followed by an averment that the first deed attacked by the bill was executed prior to the alleged injury, and that it was not executed to hinder, delay or defraud complainants. As to the other deed the answer avers: "Defendants for answer to paragraph 3, says: that while they admit that on the 25th day of November, 1939, the defendant D. B. Sanderson executed a deed to the lands described in paragraph 3 to Samuel Sanderson, they say that said transaction was a bona fide transaction and was not done in furtherance of any scheme to help Romie Sanderson, defeat the judgment referred to but was made for a valuable consideration, and that the said Samuel Sanderson paid a fair, reasonable market price for said land."

This answer imposed on the complainant the burden of proving the single fact that the deed executed to D. B. Sanderson by R. D. Sanderson, and Rosa V. Sanderson, being dated February 4, 1938, was in fact executed subsequent to complainant's injury, or in the alternative that said conveyance was tainted with actual fraud.

If in fact said deed was executed subsequent to plaintiff's injury, and antedated, the averments of the answer were wholly insufficient to warrant proof that said deed was bona fide and executed for a valuable consideration. Robinson v. Moseley, 93 Ala. 70, 9 So. 372; R. W. Allen & Co. v. Sands et al., 216 Ala. 106, 112 So. 528; Harrison et al. v. American Agricultural Chemical Co., 220 Ala. 695, 127 So. 513. The same is true as to the other deed, admitted to have been executed subsequent to said personal injury to complainant.

The evidence offered by complainant is sufficient to reasonably convince the judicial mind that said first deed was executed on the 7th of February, 1939. The defendants offered no evidence, but in argument rely on the testimony given by the witness Franks, the notary who took the acknowledgment. The general certificate of acknowledgment is dated "the 4th day of February, 1938," while the separate acknowledgment is dated, "the 4th day of February, 1939," and in the body thereof it states "that on the 4th day of February, 1939, came before me the within named Rosa V. Sanderson." While the testimony of the witness is uncertain and tends to sustain both theories, when the whole evidence is considered we feel bound to affirm the conclusion expressed in the decree.

The right of the complainant to be subrogated to the chose in action—the right to receive rents and royalties from the oil lease—is not presented by the assignments of error nor argued by appellants. As to this we express no opinion.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.