# Little *et al.* v. Sterne & Co.

*Bill in Equity by Creditors to set aside Fraudulent Conveyance.*

1. *Bill by creditor to set aside fraudulent conveyance; deed purporting to convey, though defectively executed, subject to attack.*—An instrument purporting to convey certain described

39

[Little *et al.* v. Sterne & Co.]

lands and signed by the grantor, but not attested or acknowl-
edged, though insufficient to pass the legal title to the lands
described therein, is subject to attack by the creditors of the
grantor, who can maintain a bill under the statute, (Code, §
818), to subject said lands to the payment of their debts, if
such attempted conveyance was fraudulently made.

2.  *Same; insufficient description of part of land does not render
    whole bill demurrable.*—Where, in a bill filed by creditors to
    have a fraudulent conveyance of land by their debtor set aside
    and the land subjected to the payment of their debts, a part
    of the lands sought to be reached is sufficiently described, the
    fact that there was uncertainty in the description of another
    part is no ground of objection to the whole bill; and a de-
    murrer to the whole bill on the ground of the insufficiency
    of the description of a part of the lands involved in the suit
    should be overruled.

3.  *Same; sufficiency of averment of fraud.*—Where a bill is filed by
    creditors to have a fraudulent conveyance of property by their
    debtor set aside and the property subjected to the payment of
    their debts, a general averment that the deed of conveyance
    is fraudulent or that it was executed upon a fictitious consider-
    ation, or with the intent to hinder, delay or defraud the
    grantor's creditors is not sufficient as a charge of fraud; but to
    render such bill sufficient, the bill must aver particular facts
    showing the fraud complained of.

APPEAL from the Chancery Court of Marengo.

Tried before the Hon. THOS. H. SMITH.

The bill in this cause was filed by the appellees, Chas.
A. Sterne & Company, a partnership composed of Chas.
A. Sterne and Abe Kraus, against the appellant, G. Mon-
roe Little and A. C. Little, his wife. It was averred in
the bill that in August, 1891, the complainant sold goods
to a mercantile firm, Jackson & Little, which was com-
posed of George S. Jackson and the defendant, G. Mon-
roe Little; that upon said Jackson & Little's repeated
refusal to pay said debt, the complainants, on August
22, 1893, instituted a suit in the circuit court of Marengo
county against the said George S. Jackson and G. Mon-
roe Little, as partners, and on September 28, 1893, judg-
ment was rendered in favor of the complainants against
said Jackson & Little; that execution was issued on said
judgment and had been returned "No property found."

[Little *et al.* v. Sterne & Co.]

It was then averred in the bill as follows: "That prior to and up to the said 9th day of January, 1893, the said G. Monroe Little owned and was in possession of the following tract of land situated in the county of Marengo State of Alabama, to-wit: N. W. ¼ of S. E. ¼; E ½ of N. E. ¼; N. E. ¼ of S. W. ¼; N. W. ¼ of N. E. ¼; S. E. ¼ of N. W. ¼; S. W. ¼ of N. E. ¼; E. ½ of S. E. ¼; and S. W ¼ of S. E. ¼ of Sec. 22; S. W. ¼ of S. W. ¼; 3½ acres in N. W. ¼ of S. W. ¼ and 6 acres off the S. E. ¼ of the S. W. ¼ of Sec. 14; E. ½ of S. E. ¼ of Sec. 15; lying south of Beaver Creek, containing 70 acres, all in T. 14, R. 2 E. (except the following lands heretofore deeded to W. F. Johnson, to-wit: E. ½ of S. E. ¼; S. W. ¼ of S. E. ¼ of Section 22, and that part lying north of Shiloh and Mann's Ferry Road, and that part lying West of Settlement road, leading from Mann's Ferry Road to the Central road near Sweet Water, and three acres off of the N. W. ¼ of S. W. ¼ of Sec. 22, T. 14, R. 2 E), which tract of land your orators aver was subject to levy and sale under execution, for the payment of orators' said debt, due to them by said G. Monroe Little and George S. Jackson, partners as aforesaid." Continuing, the bill then averred "That on the 9th day of January, 1893, the said G. Monroe Little executed an instrument in writing, which by its terms conveys to the said A. C. Little the said tract of land hereinbefore described; that said instrument purports to be signed at its foot by the said G. Monroe Little, and recites as a consideration the sum of eight hundred dollars. Orators aver that at the time of the execution of the aforesaid conveyance, the said A. C. Little was the wife of the said G. Monroe Little; that the said tract of land conveyed to the said A. C. Little by the said G. Monroe Little, was substantially all of his property which was subject to levy and sale under execution for the payment of his debts, and that he has now no property subject to levy and sale under execution sufficient to satisfy orator's claim.

"And your orators further aver that at the time of the said conveyance from the said G. Monroe Little to the said A. C. Little, your orator's said suit was then about to be brought in the said circuit court against the said G. Monroe Little, and was about to come to trial and to

judgment against the said G. Monroe Little; that said suit did come to trial, and a judgment was rendered against the said G. Monroe Little on the 28th day of September, 1893, for the sum of $591.58 and $11.40 cost of suit; and orators further aver that the said conveyance from the said G. Monroe Little to the said A. C. Little was purely voluntary; that the alleged consideration of eight hundred dollars was wholly simulated and fictitious; that said A. C. Little had very little, if any, property at the time of the execution of said deed to her, or at the time of her said marriage to the said G. Monroe Little, or at any time between the time of her said marriage and the time said deed was executed to her. Orators aver that if in fact there was a consideration as recited in said deed, it was wholly inadequate and greatly less than the real value of said tract of land; and orators aver and charge that the said conveyance was made by the said G. Monroe Little with the intent to hinder, delay and defraud the creditors of the said G. Monroe Little, and particularly your orators, and was accepted by the said A. C. Little with the intent to hinder, delay and defraud the creditors of the said G. Monroe Little, and particularly your orators."

The prayer of the bill was that a decree be rendered setting aside and annulling the said conveyance from G. Monroe Little to his wife, A. C. Little, to the real estate described in the bill and declaring said conveyance as to the indebtedness due the complainants null and void, and that the property attempted to be conveyed therein be subjected to the payment of the complainants' debt.

To the bill as a whole the defendants demurred upon the following grounds: "1. Said bill fails to show that G. M. Little ever executed any conveyance of the lands therein described to A. C. Little, which would be sufficient under the laws of Alabama to pass title thereto. 2. Said bill fails to show that the execution of said alleged fraudulent conveyance by G. M. Little to A. C. Little was attested by any witness, or that the same was acknowledged by G. M. Little before any officer authorized by law to take the acknowledgment of convey-

ances of land. 3. Said lands which are alleged to have been fraudulently conveyed by G. M. Little to A. C. Little are not clearly and fully described in said bill nor any exhibit thereto. 4. Said lands which are alleged to have been fraudulently conveyed are not so described or identified in said bill as to be intelligible, or so that they can be located by a surveyor."

To so much of the bill as seeks relief upon the ground that the conveyance was made upon a grossly inadequate consideration, the defendant demurred upon the following grounds: "1. The facts which constitute the said alleged fraud are not set out definitely and with precision. 2. It is not averred that A. C. Little had knowledge or notice of the insolvency of the firm of Jackson & Little, or either member of said firm, or that she participated in any way in the alleged fraud of the said G. Monroe Little. 3. It is not averred that A. C. Little had knowledge or notice of the fraudulent intent of G. M. Little in making said sale to her of said lands. 4. There is nothing alleged therein to show that A. C. Little was not a *bona fide* purchaser for value, of said lands without notice of complainants' alleged equity. 5. It appears upon the face of said bill that A. C. Little was a *bona fide* purchaser of said lands for value, without notice of complainants' alleged equity."

On the submission of the cause upon the demurrers, the chancellor rendered a decree overruling each of them. From this decree the defendants appeal, and assign the rendition thereof as error.

WILLIAM CUNNINGHAME and J. M. MILLER, for appellants, cited, *Phoenix v. Moog*, 78 Ala. 284; *Wooten v. Steele*, 98 Ala. 253; *Curran v. Olmstead*, 101 Ala. 692; *Coal Co. v. Hazard*, 108 Ala. 218; *Hendon v. White*, 52 Ala. 597.

TAYLOR, ELMORE & GILDER and ABRAHAMS & WOOLF, *contra*, cited, *Pickett v. Pipkin*, 64 Ala. 520; *Miller v. Lehman*, 87 Ala. 517; *Mountain v. Whitman*, 103 Ala. 630; *Beall v. Lehman*, 110 Ala. 446; *McClarin v. Anderson*, 109 Ala. 571.

[Little *et al.* v. Sterne & Co.]

SHARPE, J.—The statute (Code, section 818) confering on creditors the right to maintain a bill in equity to subject a fraudulent debtor's property to their debts, does not confine the remedy to cases where the property had been alienated by a conveyance so perfect in form or execution as to pass the legal title, but by its express terms the jurisdiction is extended to fraudulent attempts to transfer or convey. It may be conceded that to come within the meaning of the statute the attempt must be such as would hinder or embarrass the creditor's remedy at law, and that when land is the subject matter of the attempted conveyance there must be a writing which would transfer an interest, legal or equitable, as between the parties. The present bill, however, while not alleging distinctly the execution of a conveyance by the debtor, Little, does allege that the instrument it assails purported to convey the land described and that it was signed by him. Such an instrument, though not witnessed or acknowledged, may be operative as between the parties to convey an equitable interest, enforceable in equity as a contract to convey.—*Goodlett v. Hansell,* 66 Ala. 151. The probable effect of such apparent equity would be to defeat a sale at an adequate price under complainant's execution and, therefore, the instrument creating it is a proper subject for their attack in equity.

A part of the lands sought to be reached is sufficiently described, and that there is uncertainty in the description of another part is not ground for objection to the whole bill; nor is the bill subject to any grounds of demurrer assigned to it as a whole. None of them raise the question as to whether the facts constituting the alleged fraud are sufficiently set forth. Such a question, however, is raised by the demurrer to that part of the bill which relies upon inadequacy rather than a total lack of consideration for the transfer.

In charging fraud the rule is that mere conclusions, as that a conveyance is fraudulent, or that it was made with fraudulent intent will not suffice against a proper demurrer.—*Pickett v. Pipkin,* 64 Ala. 520; *Phœnix Ins. Co. v. Moog,* 78 Ala. 284; *Flewellen v. Crane,* 58 Ala. 627. Whether the complainants' claim accrued before or after

[Brooks v. Continental Insurance Co.]

the conveyance by G. M. Little does not clearly appear from the bill, but in neither case are the facts alleged apart from the general allegation of intent, sufficient to connect Mrs. Little as a purchaser for a valuable consideration with the fraud. Her relationship to the grantor raises no presumption of fraud which would help the pleading, whatever effect it may have as a fact in evidence.—*Teague v. Lindsay,* 106 Ala. 266. To have made a mere bad intent injurious to complainants as future creditors, it must have been directed to the creation of a future indebtedness and the hindrance of its collection. If complainants were existing creditors, Mrs. Little, as a purchaser from the debtor for a valuable, though inadequate consideration, would be protected unless she had knowledge, actual or constructive, that he was insolvent or in failing circumstances, or unless she had knowledge of and participated in a scheme on his part to hinder, delay and defraud his creditors.—*Yeend v. Weeks,* 104 Ala. 331; *Seals v. Robinson,* 75 Ala. 363; *Dickson v. McLarney,* 97 Ala. 389; *Kelly v. Connell,* 110 Ala. 543; *Beall v. Lehman, Durr & Co.,* 110 Ala. 446. Lacking averment of such particular facts, the demurrer to the part of the bill referred to it well taken. The decree so far as it overruled the demurrer interposed to a part of the bill will be reversed and one here rendered sustaining that demurrer and allowing thirty days within which the bill may be amended. The appellees will pay the costs of the appeal.

Reversed and remanded.