# Elliott, *et al. v.* Kyle.

## *Creditor's Bill for Discovery.*

(Decided February 8, 1912.   57 South. 752.)

1. *Creditor's Bill; Discovery; Conditon Precedent.*—A creditor whose debt was evidenced by a foreign judgment need not bring suit upon or obtain judgment thereon in this state before being authorized to bring a creditor's bill for discovery, under section 3740, et seq., Code 1907.

2. *Same Grounds; Fraud.*—It is not necessary that creditor's bill for discoverey of a debtor's assets should show any fraudulent conveyance or disposition, other than the concealment of assets, which, if discovered, would be liable to the satisfaction of complainant's debt.

[Elliott, et al. v. Kyle.]

3. *Same; Property in Other Jurisdictions.*—As sections 3740, et seq., Code 1907, expressly provides for the discovery of property wherever located, a creditor's bill for the discovery of concealed assets may be maintained, although the property sought to be discovered is outside of the state of Alabama.

4. *Same; Bill; Averments.*—A creditor's bill for discovery which alleges as a fact the existence of property, that it is concealed from the creditors and that it can be discovered and subjected to the debts by the aid of the chanery court alone, sufficiently avers the necessity for discovery, notwithstanding it does not state the nature and location of the property.

5. *Same.*—A creditor's bill for discovery which alleges that a debtor has no visible means or property subject to legal process, and that a discovery of property alleged to be owned by the debtor is necessary to enable complainant to reach and subject it to the satisfaction of his debts, sufficiently avers that complainant has no other means of ascertaining the facts which are sought to be discovered, and that those facts are peculiarly and solely within the knowledge of the respondents.

6. *Constitutional Law; Right to Jury Trial; Abridgement.*—Sections 3740, et seq., Code 1907, authorizng a bill for the discovery of assets is not unconstitutional as impairing the right to trial by jury.

7. *Equity; Bill; Demurrer; Discovery.*—Where a court of equity acquired jurisdiction of a controversy containing some element of purely equitable cognizance, it does not confine its remedy to the adjustment of the mere equity, but retains the cause, and administers complete justice between the parties notwithstanding in doing so it may decide questions which are otherwise of purely legal cognizance; hence, a bill in which a discovery of assets is the main equity, is not demurrable because some additional relief was sought that may be obtained in conjunction therewith.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Bill by T. S. Kyle against J. M. Elliott, Jr., and others, for discovery. From a decree overruling demurrers to the bill, defendants appeal. Affirmed.

The bill alleges that Kyle recovered a judgment against Elliott in Tennessee (naming the court and alleging its jurisdiction) in the sum of $72,075.72, which had been credited with the sum of $42,308, leaving a balance still due on said judgment of $32,000, with interest. It is then averred that Elliott had no visible property or means subject to legal process of value sufficient to pay complainant, and complainant is inform-

ed and believes, and on such information and belief states, that said Elliott has property, means, or assets not accessible under legal process, or interest in property, real or personal, or money, or effects, or choses in action which are not accessible under legal process, which are liable to the satisfaction of his debts to complainant, but the kind and description of said property, and how it is held, is kept concealed and hidden out, is unknown to complainant, and that the discovery of the same by the defendants herein named is necessary to enable complainant to reach and subject same to the satisfaction of said debt owing complainant by said defendant. Complainant then on information and belief states that the defendant has and owns certain valuable interests, title, claim, or estate in the following corporations, to wit: Here follow a list of corporations. It is then alleged that the corporations have their principal place of business in Etowah county, Ala., and that said Elliott holds and owns, or owns held by another or others, stock, bonds, notes, or other property interests, real or personal, liable to the satisfaction of plaintiff's debt, but not accessible under legal process; that the kind and description of the property, and how held, is kept concealed and hidden out, and is unknown to complainant, and the discovery of the same is necessary to reach and subject the same to the satisfaction of said debt. It is then alleged that, as trustee for his wife, he has from time to time conveyed to himself as such trustee, or has had others· to convey to him as such trustee, valuable property, and has conveyed valuable property to his wife, and that such conveyances by him to his wife were voluntary and without consideration, and the said property is liable to the debt above set out, but not accessible under legal process, etc. Then follow to each of the defendants named certain interrogatories;

also certain interrogatories to James M. Elliott, Jr., and to his wife. A number of demurrers were filed, raising the point that there was no judgment in Alabama against J. M. Elliott, Jr., and no excuse given for not having obtained one; also raising the question that it does not appear that complainant has made any effort to ascertain what property Elliott owns subject to execution; and other grounds raising the sufficiency of the allegation as to the necessity for the discovery.

HOOD & MURPHREE, and DORTCH, MARTIN & ALLEN, for appellant. The bill is not a bill for discovery under the statute or the common law, but one asking for the extraordinary and unusual remedy of the possession and control of property by the aid of a receiver without reference to the legal rights and remedies. The bill also prays for a relief and for a decree, thereby making it a bill for relief and not for discovery.—Sims' Ch. Pr. 442; *Pollak v. Claflin Co.; Crothers v. Lee*, 29 Ala. 237; *Guice v. Parker*, 46 Ala. 616; *Shackelford v. Bankhead*, 34 Ala. 638; *V. A. M. & M. Co. v. Hale*, 93 Ala. 452. It does not appear that complainant had a judgment in this case, but rather it appears that complainant does not intend to reduce his claim to judgment, and pursue the ordinary legal remedy, and it follows that demurrers raising various points should have been sustained.

W. J. BOYKIN, and A. E. GOODHUE, for appellee. The bill was filed under the influence of section 3740, et seq., Code 1907, and *Pollak v. Billing*, 131 Ala. 519, and is sufficient under these authorities.—*Kinney v. Reeves*, 142 Ala. 604. The statute confers new jurisdiction.— *Ex parte Hardee*, 68 Ala. 303. A receiver may be appointed in aid of a creditor's bill.—*McCullough v. Jones*, 91 Ala. 186. The bill was properly sworn to.—*Lawson*

[Elliott, et al. v. Kyle.]

*v. Warren,* 89 Ala. 584. It therefore appears that the bill was entirely sufficient and that the court properly overruled demurrers thereto.

MAYFIELD, J.—Appellee filed this his bill under section 3740 et seq., of the Code, as a creditor of J. M. Elliott, Jr., one of the appellants, for a discovery. The debt alleged to be due and owing from appellant to appellee was evidenced by a judgment in the Supreme Court of Tennessee and was for more than $30,000. There is no allegation or insistence that any suit has been brought in this state upon that judgment; but complainant falls clearly within the class of simple contract creditors who are expressly authorized to maintain such a bill. So, under the statute, it is wholly immaterial whether the bill be treated as one by a judgment creditor or one by a simple creditor. The other appellants who were made parties to the bill were corporations and individuals alleged nominally to hold or control the property of the defendant Elliott, for the purpose of secreting it from the complainant and the other creditors of the said Elliott. The constitutionality and validity of the statute has been repeatedly upheld by decisions of this court, and the statute has been repeatedly readopted with that construction placed upon it. The respondents demurred to the bill, assigning numerous grounds, which demurrer was overruled by the trial court, and from that decree this appeal is taken.

We cannot agree with the contention of the appellant that the bill is not one for discovery under the statute referred to, but that it is one for the appointment of a receiver to administer upon the estate of an individual before death. It is wholly unnecessary, under this statute, for the complainant to bring suit in Alabama upon

his judgment in Tennessee, and to obtain judgment thereon in Alabama, before maintaining this bill. As before stated, the statute expressly authorizes a simple creditor to maintain the bill.

The bill sufficiently avers the necessity for discovery by alleging the existence of assets or property of the defendant, which cannot be subjected to legal process because it is concealed from the creditors, and that such assets can be rendered availing to the creditors by means of the discovery sought. It is not necessary that the bill should show any fraudulent conveyance or disposition, other than the concealment of the assets which, if revealed or discovered, would be liable to the satisfaction of complainant's debt. This the bill unquestionably does.—*Pollak v. Billing,* 131 Ala. 519, 32 South. 639.

The bill is not a mere fishing process, to discover, by chance, whether the defendant has such property—property which may be ascertained and subjected by discovery, but not by legal process; but it alleges as a fact the existence of such property, and that it can be discovered and subjected only by the aid of the chancery court. It is not necessary that the bill should describe the kind, character, or location of the property sought to be reached in any more certain or definite terms than are employed in this bill, for the reason that it is one of the objects of the bill to discover these facts, which are unknown to the complainant, though known to the defendant. It is necessary only that the bill should show the existence of such property, and that it can, by the equitable process sought, be subjected to the payment of complainant's debt; nor does it destroy the equity of the bill if it should show that the property sought to be discovered was beyond the limits of this state, because the debtor himself was brought into and subjected to its jurisdiction, and the statute makes pro-

[Elliott, et al. v. Kyle.]

vision for such cases, whether the property be within or without the state.—*Sweetzer v. Buchanan*, 94 Ala. 574, 10 South. 552.

As was said by STONE, C. J., in *Montgomery County v. McKenzie*, 85 Ala. 549, 5 South. 322, when any contention or controversy contains within it some element of purely equitable cognizance and a court of chancery acquires jurisdiction of the controversy for the purpose of adjusting the equity, it does not confine or limit its remedial administration to the mere adjustment of the equity, but retains the case and administers complete justice between the parties, although in doing so it may be called on to decide, and does decide, some questions which would otherwise be of purely legal cognizance. Consequently the bill is not demurrable because some additional relief is sought, that may be obtained in connection and conjunction with the discovery which is the main equity upon which the bill rests.

The bill does allege that the facts sought to be discovered are material, and that the ascertainment of such facts is indispensable to the satisfaction of complainant's debt or demand against the defendant. The allegations also sufficiently show that the complainant has no other means of ascertaining the facts which are sought to be discovered, and that those facts are peculiarly and solely within the knowledge of the respondent.

These are the only grounds of demurrer insisted upon, and we do not think that any one of them is well taken. The decree of the chancellor overruling the demurrer is therefore affirmed.

Affirmed. All the Justices concur.