141 So. 223

## BUELL v. MILLER.

8 Div. 356.

Supreme Court of Alabama.

April 14, 1932.

Griffin & Ford, of Huntsville, for appellee.

Watts & White, of Huntsville, for appellant.

**KNIGHT, J.**

Appellant and Charles S. Buell, the respondents in the court below, are husband and wife. The appeal is prosecuted by appellant, Gertrude S. Buell, from a decree of the circuit court of Madison county, in equity, holding fraudulent and void, as against the judgment and debt of appellee, a conveyance made by the said Charles S. Buell to his said wife.

At the time of the execution of the conveyance, the said Charles S. Buell was indebted to the appellee in the sum of $1,822, and the appellee recovered judgment of him for said amount. This judgment was rendered on the 20th day of May, 1929, in the circuit court of Madison county. A certificate of this judgment was duly filed for record in the office of the judge of probate of Madison county on the 25th day of the same month. The deed to the appellant was executed on the 5th day of March, 1927, and duly filed for record on the same day.

It is made to appear from the averments of the bill that the indebtedness of Charles S. Buell to appellee remains unpaid, and is a valid, legal, and subsisting claim.

The bill, for its equity, is rested upon the following averment: "After the execution of said notes and the creation of said indebted-

ness as above averred, and while the said Charles S. Buell remained indebted as evidenced by said notes, for the purpose of putting his property beyond the reach of this complainant as a creditor, and to prevent, hinder and delay her in the collection of her debt, and for a simulated consideration, or a fictitious consideration, or a pretended consideration, the said Charles S. Buell did, on the 5th day of March, 1927, make and execute to one Gertrude S. Buell, his wife, a deed of conveyance conveying to her the property hereinabove described, * * * and the complainant avers and alleges that the consideration expressed in said deed of conveyance was grossly inadequate or so grossly inadequate as to shock the conscience, and that the said Gertrude S. Buell knew at the time of the delivery of the said conveyance to her that the defendant, Charles S. Buell was in failing circumstances, or financially embarrassed, and could not pay his debts."

■ The thirteenth ground of appellant's demurrer takes the point that the averments of the bill, as to the alleged consideration, are inconsistent and repugnant. It may be, though we do not decide, that had the demurrer pointed out just wherein this inconsistency or repugnancy consisted, so as to inform the court, and thereby to comply with statutory requirements in this regard, this ground of demurrer might be good. As cast, the demurrer is too general. Code, § 6553; McDuffie et al. v. Lynchburg Shoe Co. et al., 178 Ala. 268, 59 So. 567; Deslandes v. Scales et al., 187 Ala. 25, 65 So. 393; Seeburg v. Norville et al., 204 Ala. 20, 85 So. 505.

In the case of Tyson v. South C. Oil Co., 181 Ala. 256, 262, 61 So. 278, 280, this court said: "Notwithstanding complainant is an existing creditor, if Mrs. Tyson was a purchaser for value, though the consideration was inadequate, she would be protected, unless the consideration was so grossly inadequate as to constitute fraud in and of itself, or unless she had knowledge, actual or constructive, that the grantor was insolvent or in failing circumstances, or unless she had knowledge of and participated in a scheme on his part to hinder, delay or defraud his creditors."

In Little v. Sterne, 125 Ala. 609, 27 So. 972, 974, this Court held: "If complainants were existing creditors, Mrs. Little, as a purchaser from the debtor for a valuable, though inadequate, consideration, would be protected unless she had knowledge, actual or constructive, that he was insolvent or in failing circumstances, or unless she had knowledge of, and participated in, a scheme on his part to hinder, delay, or defraud his creditors."

In Gordon v. Tweedy, 71 Ala. 202, 213, it is held: "Inadequacy of price is usually denominated a badge of fraud, and it is often asserted that no fixed rule can be declared, by which to determine what disparity between the real value of property and the consideration paid will vitiate a conveyance for fraud. We think it settled, however, that fraud may be inferred from the inadequacy of the price alone, where it is so great as to shock the conscience."

In the case of London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359, 362, the court held the above views to be "supported by the ablest commentators: Freeman on Executions, § 40 (cited in note to State v. Mason, 34 Am. St. Rep. 395); 2 Pom. Eq. Jur. (3d Ed.) § 970. See, also, 32 L. R. A. p. 52, note."

■ We are of the opinion that the bill as amended presents a case for equitable relief against the deed brought forward in the case, and that it is not subject to any ground of demurrer assigned thereto.

This brings us down to a consideration of the evidence in the case.

In the case of Brinson v. Edwards, 94 Ala. 447, 10 So. 219, this court held that where a part of the consideration of the conveyance was the payment of antecedent debts, and a part in cash or its equivalent, the validity of the sale, as against other creditors, is to be determined by rules governing sales by debtors for a new consideration, citing in support of the proposition Owens v. Hobbie, 82 Ala. 467, 3 So. 145. In the Brinson Case, supra, this court further held that in cases where the conveyance was made upon a new consideration, though the purchaser pays full price, yet if he is chargeable with notice that the seller is insolvent, or in failing circumstances, and that it is his purpose by the sale to put his property beyond reach, or otherwise to hinder, delay, or defraud his creditors, then such sale is invalid as against other creditors. Lehman v. Kelly, 68 Ala. 192.

In the case of Federal Land Bank of N. O. v. Rowe et al., 222 Ala. 383, 133 So. 50, 51, this court referred approvingly to the case of London v. Anderson Brass Works, 197 Ala. 16, 72 So. 359, and held: "That if the consideration is a new one, the grantee need only show that he in fact paid a substantial valuable consideration; whereupon the creditor must show that the grantee had notice of an intent by the grantor to hinder, delay, or defraud his creditors. In the latter event, inadequacy is a mere circumstance material upon the subject of such intent by the grantor and notice of it by the grantee, of more or less value, as such, dependent upon all the circumstances. Boutwell v. Spurlin, 203 Ala. 482, 83 So. 481; McCollum v. Burton, 220 Ala. 629, 127 So. 224. This is upon the well-known doctrine that the grantee is thereby protected as a bona fide purchaser, paying value for the property. When this

is shown the burden to prove notice is on the other party to the controversy."

█ It must not be lost sight of that the conveyance attacked is between husband and wife. Our court is firmly committed to the proposition that such relationship, in such cases, is not a "badge of fraud, nor evidence of notice of bad faith on the part of the other as grantor, except to illustrate other circumstances having such tendency (Federal Land Bank of N. O. v. Rowe et al., supra; Goetter v. Norman, 107 Ala. 585, 19 So. 56; Halsey v. Connell, 111 Ala. 221, 20 So. 445)." And in the case of Waddle v. Great Southern Phos. Co., 184 Ala. 346, 63 So. 462, 463, in an opinion by the late Justice De Graffenried, this court reaffirmed the rule declared in the case of Wimberly et al. v. Montgomery Fertilizer Co., 132 Ala. 107, 31 So. 524, wherein it was held: " 'Where the contract is between near relations, as between husband and wife, father and son, and the like, it will be subjected to a closer scrutiny * * * than if the parties to it were strangers.' The same rule was announced in Seitz v. Mitchell, 94 U. S. 580, 24 L. Ed. 179, in the following language: 'Such is the community of interest between husband and wife. Such purchases are so often made a cover for a debtor's property, are so frequently resorted to for the purpose of withdrawing his property from the reach of his creditors and preserving it for his own use, and they hold forth such temptations for fraud, that they require close scrutiny. In a contest between the creditors and the wife there is, and there should be, a presumption against her which she must overcome by affirmative proof.' "

The evidence in this case shows conclusively to our minds that the husband was in failing circumstances, was unable to pay his debts, was being pressed for payment of the notes held by complainant, and upon which the judgment was later rendered, was negotiating for forbearance on the part of complainant in the payment of his debt to her; that his wife at that time was, and had been for a long while, in a distant state of the Union, and that the husband, without any sort of agreement on the part of the wife looking thereto, when he found that he could not arrange with complainant for further time in the payment of the indebtedness, had the conveyance now attacked prepared, executed, and filed for record; that the husband, debtor, engineered the whole thing, from beginning to end; that upon the return of the wife, grantee, to Huntsville in the latter part of March, 1927, after the execution and recordation of the deed, he told his wife, to quote his language, that: "I did not see how I could pay her what I had borrowed from her and that I thought the thing for me to do was to convey the farm to her in satisfaction of my debts to her, if she would assume and agree to pay the Giles mortgage for $3,000.00. She then said that was very nice, and I delivered the deed to her in person. This is the first, last and only conversation I have ever had with my wife about the matter and I have set out all that was said by us on the subject in that conversation." It thus appears that the debtor, in the absence of his wife, conceived the idea of the conveyance to her; that he had his attorneys to perpare the deed, stated to them, we must presume, the consideration to be expressed; that every step in the matter was taken by him without any consultation with the wife. The wife insists that the real consideration of the deed was the payment to her of a debt of $4,500, and the assumption of the mortgage debt, though she knew nothing of the deed until delivered to her after its recordation. The testimony shows that there has been no *actual* change in the possession of the property; that the husband is still in charge of same, renting it out and paying the taxes out of the rent. This he claims, however, to be doing for his wife. As to the consideration, the deed speaks another and different language as to the consideration. The consideration (but open to explanation, of course) expressed in the deed is $1 and love and affection for the wife and the assumption of the $3,000. It would seem that, if the true consideration of the deed was the payment of the $4,500 debt to his wife and the assumption of the mortgage debt instead of $1 and love and affection and the assumption of the mortgage debt, the husband would have had the consideration so expressed. No notes or other evidence of the husband's alleged indebtedness to the wife are shown in the evidence in the case.

█ Thus we have the husband, before the suit was brought, or any attack made upon the conveyance, speaking through the deed one thing as to the consideration, and after suit brought, and when it becomes necessary to prove a more substantial consideration, we find him testifying differently. It was for the court to determine which statement it would believe.

█ Was the conveyance, as made, a bona fide conveyance of the title, interest, and estate therein to the wife, or was it a subterfuge, a cloak merely, and a simulated transaction to put the property beyond the reach of creditors, and was appellant aware of such purpose, if there was such purpose, or chargeable with knowledge thereof? If so, it must fall.

█ We agree fully with the conclusion reached in the court below that the consideration paid, and agreed to be paid, by appellant for the property, was so grossly disproportionate to the real value of the property as to shock the conscience, and to stamp it, under the circumstances of this case, as shown by the evidence, fraudulent and void against the

complainant creditor. In allowing her to be repaid the $1,500 paid by her on the Giles mortgage, under the facts in this case, the chancellor was as liberal as he could well be, having due regard to the law in such cases.

█ There was no merit in appellee's motion to dismiss the appeal. The appellant was a married woman, and under the statute, by making the required affidavit, had the right to prosecute this appeal without bond. Code, § 6138.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.