## HACKNEY v. YARBROUGH.

### 6 Div. 25.

Supreme Court of Alabama.

Jan. 14, 1937.

J. Wiley Logan, of Birmingham, for appellant.

Barber & Barber, of Birmingham, for appellee.

KNIGHT, Justice.

The bill in one of its major features invokes a judgment creditor's remedy for discovery of assets of his debtor under the provisions of section 7343 of the Code.

While the bill seeks to have certain transfers of property declared fraudulent and void, as against the complainant's debt, its main purpose is to discover property, which it is averred the judgment debtor owns, and which is so concealed and hidden as to render it impossible to reach and subject the same to the satisfaction of complainant's demand without the aid of a court of equity.

The eleventh paragraph of the bill is in the following language:

"Complainant further avers and represents unto this court that the respondent J. T. Hackney has other money, property and effects which are concealed, hidden out and unknown to complainant so that without the equitable processes of this court, execution against him would be unavailing to his creditors, and that respondent J. T. Hackney and Company, J. T. Still, F. J. Brewer, C. F. Hackney, National Buying Exchange, Incorporated, Universal Motor Lines, Incorporated, Alabama Highway Express, Incorporated, Mrs. Angie Fain Hackney, Alabama Brokerage and Commission Company and divers

and sundry other persons, firms or corporations, whose other, further or different names are to the complainant unknown, have either individually, or collectively money, property and effects of said respondent J. T. Hackney which said property or a substantial interest therein is the property of the said respondent J. T. Hackney or is directly or indirectly held partly or wholly in trust for said respondent J. T. Hackney, and which said property is kept concealed, hidden out and unknown to complainant so that execution against the said respondent J. T. Hackney would be unavailing to his creditors by the exercise of ordinary legal process, which said money, property and effects if revealed or discovered would be liable to the satisfaction of complainant's said judgment, the interest thereon and the costs of court in said cause."

There can be no doubt but that there is equity in the right that the complainant asserts in his bill and which he seeks to have protected and enforced, viz., to have his demand satisfied and discharged out of the debtor's porperty.

C. F. Hackney, one of the respondents, and sole appellant here, filed separate demurrers to the bill, assigning thirty-one separate grounds, and from a decree overruling his demurrers, he appeals.

Only three grounds of demurrer of the thirty-one are here argued, and they are: (a) There is no equity in the bill; (b) appellant is not a necessary nor a proper party respondent, and (c) that the allegation in the bill that appellant holds property of the debtor is a mere conclusion of the pleader. There is manifestly no merit in any of said grounds of demurrer.

■ Of course, those grounds of demurrer which appellant did not think of sufficient merit to argue will be treated, under our uniform rule, as having been waived. George v. Roberts, 207 Ala. 191, 92 So. 1; Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158; Hayes v. Betts, 227 Ala. 630, 151 So. 692, 95 A.L.R. 1484; Pure Milk Co. v. Salter, 224 Ala. 417, 140 So. 386.

■ A creditor's bill for discovery which alleges as a fact the existence of property owned by the debtor, that it is concealed and hidden from the creditors, and that it can be discovered and subjected to the payment of the demands of creditors only by the aid of a court of equity alone, is sufficient in averment, in these particulars, to call into exercise the enlarged jurisdiction of a court of equity, conferred upon it by section 7343 of the Code of 1923, though it does not state the nature or location of the property. Pollak v. Billing, 131 Ala. 519, 32 So. 639; Elliott et al. v. Kyle, 176 Ala. 167, 57 So. 752.

■ And where, as here, it is averred that certain persons, firms, or corporations (all of whom are named), have property in their possession belonging to the debtor, and which is kept concealed, hidden out, and unknown to the complainant, so that execution against the debtor would be unavailing to his creditors by the exercise of ordinary legal process, and which said money, property, and effects if revealed and discovered would be liable to the satisfaction of complainant's judgment, such named persons are proper parties defendant to be brought before the court in said cause. Ellis v. Vandergrift et al., 173 Ala. 142, 55 So. 781; Hard et al. v. American Trust & Savings Bank, 200 Ala. 264, 76 So. 30.

■ The bill was not multifarious, even if it can be said that such objection is argued here. Authorities supra, section 6526, Code; Jacobs et al. v. Swift & Co., 230 Ala. 358, 161 So. 232. There is a complete unity of purpose in the bill, and that is to reach and subject property of the debtor, liable to satisfaction of his debts, to the payment of such debts.

■ There is no merit in the insistence of appellant that it is only averred by way of a conclusion that the appellant "holds property of the debtor."

■ The bill contains equity, and was not subject to any ground of demurrer here argued. Inasmuch as this was true, the ruling of the court below could be well justified without reference to any supposed defect in any of its aspects, as the demurrer was addressed to the bill as a whole. This rule we have time and again called to the attention of the profession. Wood v. Estes, 224 Ala. 140, 139 So. 331; Oden v. King, 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413.

We have discussed all grounds of demurrer here argued, and are of the opinion the court committed no error in overruling the same.

It follows, therefore, that the decree appealed from must be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.