174 So. 789

### WILLIAMS v. POOL et ux.

### 6 Div. 100.

Supreme Court of Alabama.

May 27, 1937.

Harsh, Harsh & Hare, of Birmingham, for appellees.

KNIGHT, Justice.

Bill by appellant, complainant in the court below, seeking to have a certain deed of conveyance executed by J. L. Pool, one of the appellees, to his wife, declared fraudulent and void, as against the demand and indebtedness due and owing, at the time of the execution of the conveyance, to the Southern Bank & Trust Company, a state banking institution now in liquidation.

The cause is here on appeal by the complainant from a decree sustaining the demurrers of the respondents to the bill.

While the bill charges in terms that the property conveyed by the debtor to his wife constituted substantially all of the debtor's "visible assets," and that the conveyance was made to hinder, delay, or defraud the creditors of the debtor, this averment was but a statement of the conclusion of the pleader, and standing alone would be manifestly insufficient. However, it is sought to sustain this conclusion by the following averment of facts:

"Complainant further shows and represents unto this court that said conveyance was voluntary and that said consideration recited in said deed was inadequate and

Amzi G. Barber and Hugh Barber, both of Birmingham, for appellant.

insufficient, or was false, simulated and fictitious."

A chain can be no stronger than its weakest link.

■ Had the averment been that the conveyance was voluntary, or that the recited consideration was false, simulated, or fictitious, we would hold it sufficient, but such is not the case. While it is averred that the conveyance "was voluntary," yet coupled with this was the further or qualifying statement "and that the said consideration recited in said conveyance was inadequate and insufficient." A conveyance is not voluntary, if there was, in fact, some real consideration to support it, though such consideration may have been inadequate or insufficient.

■ If the complainant, or the Southern Bank & Trust Company, to whose rights the complainant succeeded, was an existing creditor, Mrs. Pool, as a purchaser from the debtor for a valuable, though inadequate consideration, would be protected, unless she had knowledge, actual or constructive, that he was insolvent or in failing circumstances, or unless she had knowledge of, and participated in a scheme on the part of the debtor to hinder, delay, or defraud his creditors. Buell v. Miller, 224 Ala. 566, 141 So. 223; Little v. Sterne, 125 Ala. 609, 27 So. 972, 974.

■ It is settled, we take it, in this jurisdiction that fraud may be inferred from inadequacy of price alone, where it is so great as to shock the conscience. Gordon v. Tweedy, 71 Ala. 202, 213; London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359, 362.

■ While the bill in one of its alternatives avers that the consideration was inadequate and insufficient, it is not averred that the grantee-respondent had knowledge, actual or constructive, that the grantor was insolvent or in failing circumstances, or that she had knowledge of and participated in a scheme on the part of the grantor to hinder, delay, or defraud his creditors.

We, therefore, hold the bill was subject to the demurrer interposed thereto and the court properly sustained the same.

The decree of the circuit court is due to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.