188 So. 904

**ANDERTON v. HITER.**

**6 Div. 477.**

Supreme Court of Alabama.

May 4, 1939.

Rehearing Denied May 25, 1939.

Victor H. Smith and H. L. Anderton, both of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, for appellee.

THOMAS, Justice.

The appeal challenges ruling on demurrer.

The decree on demurrer declared the aspects of the bill as amended to be the fixation of the amount of the indebtedness; condemnation of certain properties or interests therein to the satisfaction of the judgment after alleged fraudulent conveyances have been set aside; and for discovery.

It is declared that a creditor without a lien may subject an equitable estate of the debtor to the payment of debts, under Section 7338, Code, if property is fraudulently transferred or attempted to be conveyed. Martin v. Carter, 90 Ala. 96, 7 So. 510; Weingarten v. Marcus, 121 Ala. 187, 25 So. 852; Douglass Cotton Oil Co. v. Alabama Machinery & Supply Co., 205 Ala. 51, 87 So. 342; North Birmingham American Bank v. Realty Mortgage Co., 223 Ala. 30, 134 So. 796.

The bill is sought to be maintained under Section 7342 et seq., of the Code. In Zelnicker v. Brigham & Co., 74 Ala. 598, 602, Judge Stone said of the statute: "The present bill was filed by simple-contract creditors, under section 3886 of the Code of 1876, which enacts, that 'a creditor without a lien may file a bill in chancery, to subject to the payment of his debt any property which has been fraudulently transferred, or attempted to be fraudulently conveyed, by his debtor.' It is contended for appellants, defendants below, that this statute was intended to apply only to cases in which a discovery is sought from defendants; and inasmuch as the present bill is not so framed as to call for a discovery, it is without equity. The argument is, that because the three sections immediately preceding the one under discussion relate to bills of discovery, construing them in pari materia, it must be confined to the same subject. Perhaps, a sufficient answer to this is, that we have uniformly ruled otherwise. * * *."

In Rice et al. v. Eiseman Bros. & Co. et al., 122 Ala. 343, 25 So. 214, the bill was for discovery and alleged the existence of property concealed from creditors. The ruling was that said property can be discovered and subjected to the payment of debts only by the aid of a court of equity, and that the bill filed sufficiently averred a necessity for discovery though the nature and location of the property was not stated. Elliott v. Kyle, 176 Ala. 167, 57 So. 752; Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107; Drennen v. Alabama Nat. Bank, 117 Ala. 320, 23 So. 71.

■ The bill was not multifarious in joinder of the several parties or interests therein sought to be subjected to payment of complainant's debts or in respect to the parties respondent. Jacobs v. Swift & Co., 230 Ala. 358, 161 So. 232; Lambert v. Anderson, 224 Ala. 110, 139 So. 287.

■ A voluntary conveyance of property by a husband to his wife, without a valuable consideration, is a constructive fraud as to all exisiting creditors. Harrison v. American Agricultural Chemical Co., 220 Ala. 695, 127 So. 513.

■ Appellant cites Little v. Sterne & Co., 125 Ala. 609, 27 So. 927, to the effect that a debtor's conveyance to his wife cannot be set aside for fraud by a creditor without averment of knowledge by the wife of husband's insolyency, or that she had knowledge of or participated in the fraudulent act or conveyance. The authority cited is not apt in that one alternative averment was that she was a purchaser for a valuable consideration, though the same was inadequate. In such circumstances, actual or constructive knowledge of the wife was necessary. In the instant case the averment is that the wife acquired the legal title from the husband or from a third person obligated to convey as he directs, without a valuable and sufficient consideration. In this case complainant relies on constructive fraud, and proof that the debt in question antedated the conveyance that is alleged to be voluntary and without consideration. Harrison v. American Agricultural Chemical Co., 220 Ala. 695, 127 So. 513; Buell v. Miller, 224 Ala. 566, 141 So. 223; Rogers v. Conaway, 226 Ala. 334, 147 So. 152; Williams v. Pool, 234 Ala. 242, 174 So. 789.

■ Anderton's interest in the stock of the West Alabama Oil and Gas Company is an equitable interest. The bill avers that he owns 6,664 shares of the capital stock of said company, but that the stock has never been actually issued to him; that the corporation has agreed to convey and that Anderton has agreed to accept a conveyance to certain described land in lieu of, or in exchange for said shares of stock and appellee avers that said transaction is about to be consummated; that it is the purpose and intention of said Anderton, when he acquires the title to the oil, gas and mineral rights in the property received in exchange for the stock, to convey the same to his wife, in an effort to put his interest in said property beyond the reach of appellee. The interest in this property being equitable may be subjected to the demand of the creditor. Appellee is not required to remain inactive until the transaction is consummated,—the legal title vested in the wife, before taking steps to subject respondent's interest in the stock or property taken in lieu thereof, to the payment of her debt.

■ The bill avers: "That the Respondent, Henry L. Anderton has no visible assets subject to legal process, or if he has any visible assets subject to legal process, they are wholly insufficient in value and amount to pay said notes,"—held by the appellee,—and that "during the year 1938 the said Anderton was paid a large sum of money by the State of Alabama, towit, an amount in excess of $10,000.00, and . . . . . that said sum, or a substantial part thereof, is now concealed by the said Henry L. Anderton and should be subjected to the satisfaction of his indebtedness to complainant . . . . . and avers that she is unable to state where and how the same is concealed.

In Elliott v. Kyle, 176 Ala. 167, 57 So. 752, 753, it is stated: "The bill sufficiently avers the necessity for discovery by alleging the existence of assets or property of the defendant, which cannot be subjected to legal process because it is concealed from the creditors, and that such assets can be rendered availing to the creditors by means of the discovery sought. It is not necessary that the bill should show any fraudulent conveyance or disposition, other than the concealment of the assets which, if revealed or discovered, would be liable to the satisfaction of complainant's debt. This the bill unquestionably does."

It is sufficient, in the instant pleading, to aver the insufficiency of visible assets, subject to legal process, and the existence of assets which are concealed and hidden out (Pollak v. Billing, 131 Ala. 519, 32 So. 639 and Kinney v. Reeves & Co. 142 Ala. 604, 39 So. 29), and sought to be discovered.

■ Anderton's interest in the F. M. Prince patent is an equitable interest, and cannot be reached by legal process. The bill sufficiently avers that the patent was issued to F. M. Prince and that, although it stands in the name of F. M. Prince, Anderton owns a two per cent interest in said patent.

In the alternative it is averred that he owns a two per cent interest in all royalties received by Prince under said patent

or that he has a contractual arrangement with Prince whereby Prince is to pay Anderton two per cent of all amounts received for the solution covered by the patent or for a license or privilege to manufacture and sell the same.

█ If the patent is in the name of Prince, and Anderton owns a secret interest therein, there is an equitable interest that can be reached by a bill of this kind. That is to say, if Anderton has a contract with Prince under which the latter is obligated to pay Anderton two per cent of the royalties received on the solution covered by the patent, that would be a legal claim that could be reached by garnishment. A bill, however, is not demurrable because some additional relief is sought, that may be obtained in connection and conjunction with the discovery which is the main equity upon which the bill rests. Elliott v. Kyle, supra.

█ The single purpose of the bill is to collect the one debt alleged to be owing. And, as stated, the bill is not multifarious in seeking to set aside separate alleged fraudulent conveyances though they are not shown to have any connection with each other, and executed at different times and conveying different property.

In Lambert v. Anderson, 224 Ala. 110, 139 So. 287, the court said:

"The contention that the bill is multifarious because it seeks to set aside conveyances for fraud or in the alternative declare them a general assignment, was set at rest by the Code of 1907, section 3095, which changed the rule stated in Seals v. Pheiffer, 81 Ala. 518, 1 So. 267, and Green & Gay v. Wright, Williams & Wadley, 160 Ala. 476, 49 So. 320, and those which they followed. Such effect of the change in the law of equity pleading in this respect has been often referred to. * * *

"The single purpose of the bill is to collect the one debt alleged to be owing by the parties we have named. It is not therefore multifarious in seeking to set aside separate alleged fraudulent conveyances, though they are not shown to have any connection with each other, and executed at different times and conveyed different property to the grantees, each respectively. * * *."

█ The prayer that Anderton be required to disclose the nature, location and character of all other assets owned by him and the moneys received by him from the State of Alabama in 1938 aggregating more than $10,000 is in strict accordance with Section 7346 of the Code of 1923.

The judgment of the circuit court is free from error and is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.