11 So.2d 379
### DAVENPORT & HARRIS FUNERAL HOMES v. KENNEDY.
6 Div. 964.

Supreme Court of Alabama.
Jan. 14, 1943.

Boutwell & Pointer, of Birmingham, for appellant.

DeGraffenried & McDuffie, of Tuscaloosa, for appellee.

**FOSTER, Justice.**

The bill in this case was filed in equity by a judgment creditor of V. L. Harris and against appellant, a corporation, as sole respondent. Its theory is that undescribed assets of V. L. Harris were made a part of the assets of defendant corporation organized a few weeks prior to the date of the judgment and were so placed for the purpose of attempting to defeat the claim of complainant; and that the property of V. L. Harris was fraudulently placed in said defendant corporation with the intent to defraud complainant, and that the incorporators, of whom V. L. Harris was one, had knowledge of the suit of complainant against V. L. Harris.

It is said to be largely patterned after that in Metcalf v. Arnold, 110 Ala. 180, 20 So. 301, 55 Am.St.Rep. 24. Demurrer to the bill was overruled, and a final decree rendered for complainant. Respondent appeals and assigns the two decrees as error.

The first question presented goes to the sufficiency of the bill on demurrer.

The chief contention made by appellant in that connection is that the property sought to be subjected is not described and no discovery is sought.

The bill in that connection alleges that the assets of V. L. Harris "were made a part of the assets of the (respondent) corporation which were possibly all its assets." There is no effort at a description of such assets. The prayer is to enforce a lien upon all the property of respondent without further description.

The remedy provided in section 893, Title 7, Code of 1940, derived from a statute enacted in 1844. It gives to a judgment creditor, when execution for money had been issued and not satisfied, a right to go into equity against such defendant (in the judgment) to compel a discovery of his property and decree such property to the satisfaction of the debt. This remedy has no field of operation except for a discovery: since the right to set aside a fraudulent conveyance or to subject equitable assets otherwise existed. Henderson v. Hall, 134 Ala. 455, 539, 32 So. 840, 63 L.R.A. 673.

Prior to the statute, it had long been held that a judgment creditor who had exhausted his legal remedies might go into equity to subject certain interests of the debtor which could not be reached on execution or other legal process, or had been fraudulently conveyed. "But in such case it was necessary that the allegations should be specific, and the bill should be relieved from the imputation of being speculative and vague. Bills thus restricted as to the scope of their inquiries, often fail to admit complete justice to be administered to the complainant. The complainant was not always sufficiently informed of the rights and interests of the defendant to enable him to state with exactness and precision what property the defendant had, in possession or action; or had parted with, that could be subjected to the judgment. To remedy this defect in the law, and to authorize the administration of justice through the medium of chancery, by a course of procedure more liberal than had been hitherto recognized, the statute in question was enacted." Brown v. Bates, 10 Ala. 432, 438; Martin v. Carter, 90 Ala. 96, 7 So. 510; (Those cases were criticised in Henderson v. Hall, 134 Ala. 455, 545, 32 So. 840, 63 L.R.A. 673, but not in respect to this point.) 27 Corpus Juris § 672, page 769.

Sections 897, 898, same Code, give the same remedy to a creditor without a lien or judgment (Zelnicker v. Bingham, 74 Ala. 598); and section 898, supra, includes also a judgment creditor with execution returned "no property found" as well as a simple creditor. Section 898, supra, stems from an Act of 1871, also declaring it to be a contempt if defendant shall fail to discover as ordered. Its effect in this respect was upheld in Ex parte John Hardy, 68 Ala. 303, 314. It is an enlargement to some extent upon section 893, supra, and provides more detail, as well as an inclusion of creditors without a judgment, and includes a discovery from others than the debtor, Hays v. McCarty, 239 Ala. 400, 195 So. 241. But it has no field of operation except in connection with a discovery. Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107; Elliott v. Kyle, 176 Ala. 167, 57 So. 752; Pollak v. Billing, 131 Ala. 519, 32 So. 639; Anderton v. Hiter, 238 Ala. 76, 188 So. 904.

So that by sections 893 and 898, a judgment creditor may have a discovery by a bill which is not merely a fishing bill (Lawson v. Warren, 89 Ala. 584, 8 So. 141), and by sections 897 and 898 the same right is extended to a creditor without a judgment, for his remedy would be wholly inefficient without this statutory discovery, it is said. Sweetzer v. Buchannon, 94 Ala. 574, 10 So. 552; Drennen v. Alabama National Bank, 117 Ala. 320, 23 So. 71.

Since the enactment of these statutes when a bill is filed in equity by a creditor to subject to his debt property of the debtor, it should either seek a discovery with an allegation of the existence of property of the debtor, and that its nature and character or location and description are unknown and concealed from him, thereby pursuing the remedy provided in sections 893, 897 and 898, Code, supra (Hackney v. Yarbrough, supra; Henderson v. Hall, 134 Ala. 455, 537, 538, 539, 540, 544, 32 So. 840, 63 L.R.A. 673; Elliott v. Kyle, 176 Ala. 167(4), 172, 57 So. 752), or he may proceed in equity without a discovery, when the property, its nature, character, description and location are known to him, seeking the benefits of section 7, Title 20, Code of 1940, which are also available to this complainant without any of such statutes, since he is a judgment creditor with execution returned "no property found," (Cruise v. Sorrell, 181 Ala. 237, 238, 240, 61 So. 894;

616

Hall & Farley v. Alabama T. & I. Co., 143 Ala. 464, 39 So. 285, 2 L.R.A.,N.S., 130, 5 Ann.Cas. 363); but in pursuing the latter remedy without a discovery, as shown by the authorities supra, he must make precise allegation as to the character, description and location of the property sought to be subjected. See, also, Little v. Sterne, 125 Ala. 609(2), 27 So. 972.

In the case of Metcalf v. Arnold, supra, on which appellee relies, the transaction related to a stock of goods in a drug business in Montgomery (and it was so described). The demurrer did not go to the insufficiency of the description of the property, and that question was not considered by the court insofar as the opinion shows. But that authority supports the general theory of the bill in the instant case. See, also, Harris v. First National Bank, 227 Ala. 86, 149 So. 86.

The demurrer to the bill now under consideration on the ground of the insufficiency of the description of the property sought to be subjected, should have been sustained.

Appellant also contends that on the evidence offered, the decree should have been in its favor, assuming the sufficiency of the bill.

The answer of the corporation to the bill, there being no other respondent, denies all fraud, but alleges that all the property of V. L. Harris which went to it had been purchased by him on conditional sale contracts; that the Protective Industrial Insurance Company loaned Harris $3200 with which to pay off said purchase money under those contracts, and it was so used: thereby becoming subrogated to the lien of the sellers, and that on May 2, 1938, when the corporation was organized said V. L. Harris sold said property to said Protective Industrial Insurance Company in full satisfaction of said debt, which was the reasonable value of said property.

The bill alleges that the said Protective Industrial Insurance Company was one of the incorporators of respondent; and that the assets in question were "used to form the corporation". It does not state by whom they were so used.

The complainant on the submission noted the deposition of two witnesses and certain documentary items including the answer of respondent to the bill of complaint.

If it be conceded that there was sufficient evidence, considering the admissions of the answer, to cast the duty on respondent to rebut a presumption of fraud (which we do not decide) those allegations in it to which we have referred, are sufficient if true to have that effect. Crisp v. First National Bank, 224 Ala. 72(9), 139 So. 213; London v. G. L. Anderson Brass Works, 197 Ala. 16(3), 72 So. 359. We need not again cite all the authorities to support that statement.

Since the question is not here presented, we do not pass upon the effect or competency of declarations alleged to have been made by V. L. Harris, not a party to this suit, as evidence against the corporation made after the property had been conveyed to it, and not shown otherwise than by the declarations that it was then in the possession of Harris at the time he made them.

We have observed that complainant noted the answer of respondent on his note of submission; the same being complainant's exhibit "G". The respondent also noted its answer, and that was all that it did note.

Such note by respondent did not serve to make its own answer evidence, in the absence of an act of complainant which had that effect. Speakman v. Vest, 154 Ala. 412, 45 So. 667.

But when complainant offered in his note of testimony the answer of respondent, it became evidence in the cause for any material purpose and for either party. Griffith v. First National Bank, 224 Ala. 296(4), 140 So. 359; Leath National Bank v. Elrod, 233 Ala. 340(3), 172 So. 104; Cox v. Dunn, ante, p. 176, 9 So.2d 1(4).

The decree overruling the demurrer to the bill is reversed and one is here rendered sustaining the demurrer with the usual leave to amend the bill in thirty days, and the final decree is vacated and the cause is remanded.

Reference is made to the state of the record in connection with the note of testimony so that its legal effect may not be overlooked on another trial.

Reversed, rendered and remanded.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.