50 So.2d 233

### KEMP et al. v. PURE OIL CO.
### 6 Div. 135.

Supreme Court of Alabama.
Feb. 1, 1951.

Hiram Dodd, of Birmingham, for appellants.

London & Yancey and Jas. E. Clark, all of Birmingham, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrers of Charles W. Kemp and his wife Essie Kemp to a creditor's bill filed against them by The Pure Oil Co. The allegations of the bill in substance show the following.

On January 10, 1949 the complainant obtained a judgment in the Circuit Court of Jefferson County against the respondent Charles W. Kemp in the amount of $841.48. The judgment now in force and effect is unsatisfied. Execution has been issued on the judgment and the execution has been returned by the sheriff "no property found".

■ The bill also contains the following. "Your complainant avers on information and belief, which it has reason to believe and verily does believe to be true, that the respondent, Charles W. Kemp, has property or is interested in property subject to the payment of said judgment and demand, and that the respondent, Essie Kemp, individually or as Trustee, has possession or control thereof, and is holding the same in trust for the said Charles W. Kemp, but the manner in which the property is held and the specific amount and nature of the interest of the respondent, Charles W. Kemp, therein is not known to this complainant, and that the respondents and each of them should in this Honorable Court be required to discover and set forth any property belonging to the said respondent, Charles W. Kemp, or held in trust for him, and that Essie Kemp, individually and as Trustee, should be enjoined, restrained and prohibited from making any delivery, transfer or conveyance of any of said property to the respondent, Charles W. Kemp, until the full and complete satisfaction of the demand or demands against the said Charles W. Kemp."

The bill then contains interrogatories designed to elicit information as to property owned by him or in which he has an interest, legal or equitable, and such property as his wife may hold or control in which Charles W. Kemp may have any right, title, interest or claim now or in the future.

The bill is attacked on demurrer on the theory that its averments are vague, indefinite and uncertain, that complainant has an adequate remedy at law and that there is nothing to show that Essie Kemp has any material interest in the subject matter of the suit. There is no merit in the demurrers.

■ In referring to what is now § 898, Title 7, Code of 1940, which provides for a creditor's bill of discovery, this court in Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107, 108, said: "A creditor's bill for discovery which alleges as a fact the existence of property owned by the debtor, that it is concealed and hidden from the creditors, and that it can be discovered and subjected to the payment of the demands of creditors only by the aid of a court of equity alone, is sufficient in averment, in these particulars, to call into exercise the enlarged jurisdiction of a court of equity, conferred upon it by section 7343 of the Code of 1923, though it does not state the nature or location of the property. * * *"

See also Elliott v. Kyle, 176 Ala. 167, 57 So. 752; Howard v. Stewart, 252 Ala. 581, 42 So.2d 252; Kemp v. Huffstutler, ante, p. 126, 50 So.2d 233.

In Shaffield v. Shaffield, 250 Ala. 381, 34 So.2d 591, 593, as to the discovery aspect of the bill it was said with reference to the sufficiency of the allegations as to the wife who was joined as respondent, "Manifestly, the discovery aspect of the bill is not subject to any ground of demurrer interposed. The allegations are sufficient upon which to predicate the right to a discovery."

128

See also Watkins v. Maryland Casualty Co., 250 Ala. 84, 33 So.2d 346.

The court acted correctly in overruling the demurrer.

Affirmed.

FOSTER, LIVINGSTON and LAWSON, JJ., concur.