77 So.2d 486

**NATIONAL TRIM COMPANY et al.**

v.

**J. L. HARRIS et al.**

4 Div. 791.

Supreme Court of Alabama.

Jan. 20, 1955.

L. A. Farmer, Huey D. McInish and Alto V. Lee III, Dothan, for appellants.

W. G. Hardwick, Dothan, for appellees.

GOODWYN, Justice.

Appeal from decree sustaining demurrer to bill in equity to set aside a conveyance as fraudulent and void because made with intent to hinder, delay, or defraud creditors. Code 1940, Title 20, § 7.

The bill alleges that "on and prior to the 6th day of March, 1953" J. L. Harris, one of the respondents, was indebted to complainants "for goods, wares and merchandise sold by complainants to the said J. L. Harris, all of which indebtedness was then and still is past due and unpaid", and that each of the complainants thereafter secured judgments against the said J. L. Harris for their respective claims; that on March 6, 1953, the said J. L. Harris, joined by respondent Barbara Simmons Harris, his wife, executed to respondent Barbara Ann Gellerstedt a warranty deed conveying certain real property, therein described, "for a recited consideration of $13,200.00 which said deed is recorded in Deed Book 111, Page 152, in the Probate Office of Houston County, Alabama, a true and correct copy of which said deed is hereto attached, marked Exhibit 'A' and made a part of this bill of complaint"; that "said debts and judgments are now due, owing and unpaid to your complainants";

that "the said conveyance was made without adequate consideration and is in truth and fact a deed of gift, made with the intent to hinder, delay and defraud the creditors of the said J. L. Harris, including your complainants, and that the same is null and void and should be set aside and held for naught."

The said deed contains the following provision: "The grantee herein assumes and agrees to pay that certain mortgage executed by the grantor to Dothan Federal Savings and Loan Association, Dothan, Alabama, in the principal sum of approximately $10,000.00, which sum is included in the total purchase price leaving a balance of the purchase price the sum of $3,200.00."

There is nothing in the bill indicating what, if any, relationship there is between the grantors and the grantee, Barbara Ann Gellerstedt. However, it is stated in brief of counsel for appellants, and not controverted by appellees, that said grantee is the daughter of J. L. Harris.

Respondents demurred to the bill, assigning sixteen separate grounds. As here argued, the appropriate grounds are said to be the following:

"2. For that insufficient facts are averred on which equitable relief could be based."

"11. For that said bill alleges as a conclusion that said conveyance was without adequate consideration and no facts are alleged to support said conclusion."

■ There have been many decisions of this court dealing with the sufficiency of bills to set aside conveyances as in fraud of creditors. It seems to us from our examination of these cases, that the holding in Williams v. Pool, 234 Ala. 242, 243, 244, 174 So. 789, 790, is of controlling influence here. As there said:

"While the bill charges in terms that the property conveyed by the debtor to his wife constituted substantially all of the debtor's 'visible assets,' and that the conveyance was made to hinder, delay, or defraud the creditors of the debtor, this averment was but a statement of the conclusion of the pleader, and standing alone would be manifestly insufficient. However, it is sought to sustain this conclusion by the following averment of facts:

" 'Complainant further shows and represents unto this court that said conveyance was voluntary and that said consideration recited in said deed was inadequate and insufficient, or was false, simulated and fictitious.'

"A chain can be no stronger than its weakest link.

"Had the averment been that the conveyance was voluntary, or that the recited consideration was false, simulated, or fictitious, we would hold it sufficient, but such is not the case. While it is averred that the conveyance 'was voluntary,' yet coupled with this was the further or qualifying statement 'and that the said consideration recited in said conveyance was inadequate and insufficient.' A conveyance is not voluntary, if there was, in fact, some real consideration to support it, though such consideration may have been inadequate or insufficient."

■■ It is to be noted that the allegation in the bill now before us is that "said conveyance was made without adequate consideration and is in truth and fact a deed of gift". Had the averment been that the conveyance was a "deed of gift", it would, under our decisions, be sufficient; for a "gift", as defined by Webster's New Twentieth Century Dictionary, is "a voluntary transfer of property without compensation or any consideration".

No question is now presented as to whether the provision in the deed whereby the grantee assumed and agreed to pay the existing mortgage on the property constituted either a valuable or an adequate consideration. Therefore, we do not wish to be understood as now determining the effect of that provision. However, attention is directed to the following from

Williams v. Pool, supra, as bearing on the question:

"If the complainant, or the Southern Bank & Trust Company, to whose rights the complainant succeeded, was an existing creditor, Mrs. Pool, as a purchaser from the debtor for a valuable, though inadequate consideration, would be protected, unless she had knowledge, actual or constructive, that he was insolvent or in failing circumstances, or unless she had knowledge of, and participated in a scheme on the part of the debtor to hinder, delay, or defraud his creditors. Buell v. Miller, 224 Ala. 566, 141 So. 223; Little v. Sterne, 125 Ala. 609, 27 So. 972, 974."

We conclude that the trial court properly sustained the demurrer to the bill.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.